NELSON S. SPENCER, Plaintiff, *v.* TIMOTHY A. LEARY, as President Justice of the Municipal Court of the City of New York, and Others, Defendants.*

Defendants.

Supreme Court, New York County, March 20, 1930.

*H. Eliot Kaplan*, for the plaintiff.

*Joseph Force Crater*, for the defendant Leary.

*Arthur J. W. Hilly* [*William E. C. Mayer* of counsel], for the defendants Kaplan and others.

INGRAHAM, J. This is a taxpayer's action brought to restrain the payment of salaries to some 100 clerks, deputy clerks and assistant clerks now serving in the various districts of the Municipal Court of New York city on the ground that the persons filling these positions should be placed in the competitive class of the State civil service, and that until such classification is made the payment of their compensation is illegal. The present motion, directed to the second and third causes of action, is made pursuant to rule 112 of the Rules of Civil Practice for judgment on the pleadings in favor of the plaintiff. It is plaintiff's contention, as alleged in the complaint, that " the said positions of clerk, deputy clerk and assistant clerk are in the classified State Civil Service of the State of New York and are not positions in the municipal service of the City of New York." The defendants set up as defenses to the second and third causes of action that the municipal civil service commission of the city of New York has jurisdiction and control of

*Affd., 229 App. Div. 864.

the employees mentioned in this action; that the positions in question are properly classified by the municipal civil service commission, and have been duly placed in the exempt class by said commission under the provisions of rule X of the rules of the commission. The Attorney-General of this State, under date of December 20, 1927, passed upon the question of the status of the employees of the Municipal Courts of the city of New York and stated that " all employees of the Municipal Courts of the city of New York should continue to be regarded as subject to the jurisdiction of the civil service commission rather than the state commission." In his opinion the Attorney-General calls attention to the fact that prior to 1897 a different view was held, but on December seventeenth of that year the Attorney-General of the State rendered to the State Civil Service Commission his opinion, stating that " under the provisions of the Civil Service Law the appointments in the City Court and Court of General Sessions of the City of New York come under the jurisdiction of the Civil Service Commission of the City of New York " and that " they are clearly municipal officers and are subject to the regulation relating to municipal civil service."

On January 2, 1918, the Attorney-General ruled that " within the meaning of the Civil Service Law they [employees of the Municipal Courts of New York city] fall in the jurisdiction of the municipal commission and not of the state commission." In that opinion reliance is placed upon the case of *People ex rel. Werner* v. *Prendergast* (206 N. Y. 405). That case involved the status of employees of the board of elections of New York city. The Court of Appeals held that the employees of the board of elections were subject to the jurisdiction of the municipal commission, and stressed the facts of appointment of local authority, local residence qualifications, local sphere of official functioning, local source of compensation, and the fact that for many years the statute had been construed that way in practice. (Op. Atty.-Gen., Dec. 20, 1927.) It may not be amiss to recall briefly the history of our Municipal Court. The old city of New York and the city of Brooklyn, prior to consolidation, were possessed of local courts which form the basis of the present system. From and after midnight of January 31, 1898, the Justices' Courts and the office of the justice of the peace in the cities of Brooklyn and Long Island City were abolished. (Greater New York Charter [Laws of 1901, chap. 366], § 1350.) On and after January 1, 1898, the District Courts of the city of New York and the Justices' Courts of the city of Brooklyn were, by section 1351 of the charter, as it was prior to August 31, 1915, " *continued, consolidated and reorganized* " under the name of " The Municipal Court of the City of New York."

The Court of Appeals in *Worthington* v. *London Guarantee & Accident Co.* (164 N. Y. 81, 87) has stated that in its opinion "the District Courts of the old city of New York, and the Justices' Courts in the three districts named in the former city of Brooklyn, were not abolished, but were continued, consolidated, and reorganized under a new name." In 1915 there was enacted by the Legislature (Laws of 1915, chap. 279) the New York City Municipal Court Code, which provides in section 1: "The municipal court of the city of New York, as it exists on the thirty-first day of August, nineteen hundred and fifteen, shall be continued; provided, however, that from and after the first day of September, nineteen hundred and fifteen, it shall be a court of record. * * *" This provision was substantially re-enacted in an amendment to the Municipal Court Code by chapter 614 of the Laws of 1928.

The answers in the present action appropriately allege that the clerks and personnel in question have been duly appointed pursuant to civil service rule X and the provisions of sections 6 and 13 of the Civil Service Law. Plaintiff alleges the appointments are invalid, and he further alleges in paragraph 5 of his complaint that "competitive examination is practicable as a means of filling the said positions." This defendants deny in their answers. It thus appears from the face of the pleadings that the plaintiff relies upon disputable and extraneous facts to question the title of the clerks, deputy clerks and assistant clerks to their offices. The question cannot be tried in a taxpayer's action brought to restrain the payment of salaries, but must be tried in quo warranto, and, until so tried, the payment of salaries cannot be enjoined. (*Greene* v. *Knox*, 175 N. Y. 432.)

The motion for judgment on the pleadings is accordingly denied. Order signed.