In the Matter of the Application of MAX GLUCK, Petitioner, for a Mandamus Order against WILLIAM GORHAM RICE and Others, Constituting the State Civil Service Commission, and Others, Respondents.

Supreme Court, Albany County, April, 1933.

*H. Eliot Kaplan*, for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune, Assistant Attorney-General*, of counsel], for the State Civil Service Commission.

*Arthur J. W. Hilly, Corporation Counsel*, for the Municipal Civil Service Commission of the City of New York.

SCHENCK, J. Petitioner moves for a peremptory mandamus order to direct the State Civil Service Commission and the New York city municipal civil service commission to classify forty-eight positions of assistant clerks in the Municipal Court of the City of New York in the competitive class of the classified civil service, to be filled after competitive examination, as provided by the Civil Service Law. The classification of these positions has been for years a source of controversy. The petitioner herein is an interpreter in the Municipal Court of the City of New York. In his petition on which this motion is founded, the petitioner sets forth that pursuant to section 11 of the Civil Service Law, the State Civil Service Commission by unanimous vote may amend the municipal civil service rules so as to place in the competitive class the forty-eight positions of assistant clerk and that while a majority of the members are willing to classify as competitive these positions, the State Commission has been unable to obtain unanimity.

The answer of the State Commission does not oppose the application and asks the court to make such order as in its judgment is appropriate in the premises. The municipal commission, however, sets forth in its answer that for more than thirty years these positions have been duly classified in the exempt class under its rules and maintains that mandamus will not lie to compel the State Commission to act by unanimous vote to amend the rules of the municipal commission.

Actions affecting the classification of these positions have heretofore been brought before this court. In *Spencer* v. *Leary* (137 Misc. 124) a taxpayer brought an action to restrain the payment of salaries of clerks, deputy clerks and assistant clerks of the Municipal Court on the ground that such positions should be placed in the

competitive class of the State civil service. Apparently the court was of the opinion that the employees of the Municipal Court were subject to the jurisdiction of the municipal commission. Mr. Justice INGRAHAM in the opinion said: " The Attorney-General of this State, under date of December 20, 1927, passed upon the question of the status of the employees of the Municipal Courts of the City of New York and stated that ' all employees of the Municipal Courts of the city of New York should continue to be regarded as subject to the jurisdiction of the civil service commission rather than the state commission.' "

In the opinion of the Attorney-General, referred to in *Spencer* v. *Leary* (*supra*), Attorney-General Ottinger outlines the history of the employees of the Municipal Courts and from that opinion and the authorities therein set forth I am convinced that these employees are subject to the jurisdiction of the municipal commission rather than the State Commission.

The mandamus order here prayed for is to direct the State Civil Service Commission to act unanimously in a matter which seemingly is discretionary and calls for the exercise of judgment on the part of the members of the Commission. These forty-eight positions of assistant clerk have been in the exempt class for a long period of time. That classification of these positions was made by a body clothed with authority cannot be denied, and in making such classification the Commission exercised its judgment. The petitioner now contends that this court should substitute its judgment for that of the Commission. I am not impressed with this contention.

In determining the classification of an office as competitive or non-competitive, the Civil Service Commission, whether it be the State Commission or the municipal commission, exercises discretionary legislative power. (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *Matter of Simons* v. *McGuire*, 204 id. 253.) In the *Schau* case it is pointed out that the determination of the Civil Service Commission in classifying positions in the public service while involving the exercise of judgment and discretion is more of a legislative or executive character than judicial. Such legislative action when so taken is not open to collateral attack. Mandamus will not lie to compel the discharge of a duty involving the exercise of judgment or discretion, in any specified way, " for that would substitute the judgment or discretion of the court issuing the writ for that of the person or persons against whom the writ was issued." (*People ex rel. Harris* v. *Commissioners*, 149 N. Y. 26.) In other words, the Civil Service Commission as a body may be called upon to act, but not how to act, where it has the right to exercise its

judgment. Thus while mandamus will lie to compel action where the petitioner is able to show a clear legal right to such an order, it will not lie to compel the exercise of judgment in any specified way. It is apparent that mandamus will not lie to compel the State Commission to act " by unanimous vote to amend the rules of the Civil Service Commission of the City of New York by striking from the exempt classification the said forty-eight positions of assistant clerk."

It may well be that this group of employees of the Municipal Court should be in the competitive class, but unless it is shown that the Commission has acted in an arbitrary or capricious manner and has abused its discretion, relief by mandamus will not be afforded. The court will not substitute its judgment for that of a body duly constituted to make such classification, unless it can be clearly shown that there has been an abuse of the discretionary power imposed upon such Commission by the statute.

As Chief Judge CULLEN pointed out in the *Schau* case, where the position is one " as to the proper mode of filling which there is fair and reasonable ground for difference of opinion among intelligent and conscientious officials, the action of the commission should stand, even though the courts may differ from the commission as to the wisdom of the classification."

Order may be entered denying the application, with ten dollars costs.