In the Matter of MAX GLUCK, Respondent, against WILLIAM G. RICE et al., Constituting the Civil Service Commission of the State of New York, Defendants, and ABRAHAM KAPLAN et al., Constituting the Municipal ·Civil Service Commission of the City of New York, et al., Appellants.

(Argued January 23, 1934; decided July 3, 1934.)

*Paul Windels, Corporation Counsel (William E. C. Mayer* and *Paxton Blair* of counsel), for appellants.

*H. Eliot Kaplan, Samuel H. Ordway* and *Albert de Roode* for respondent.

Hubbs, J. The petitioner-respondent is an interpreter in the Municipal Court of the City of New York. In February, 1928, a promotion examination was held by the appellant Municipal Civil Service Commission of the city for the position of assistant clerk in the Municipal Court. As a result of the examination, an eligible list of twenty names was established on March 19, 1928, including the name of the petitioner. The time for appointment from that list expired prior to the commencement of this proceeding so that the rights of the petitioner are confined to such rights as he has as a private citizen and not by reason of the fact that he was at one time upon an eligible list. The proceeding was instituted for a peremptory mandamus order, directing "that the respondent the State Civil Service Commission pursuant to the provisions of Section 11 of the Civil Service Law shall by unanimous vote amend the rules of the Municipal Civil Service Commission of the City of New York by striking from the exempt classification the said forty-eight positions of assistant clerks in the Municipal Court of the City of New York; or, in the alternative, that respondents herein forthwith jointly rescind or cause the rescission of the present rule of the Municipal Civil Service Commission of the City of New York placing in the exempt classification the said forty-eight positions of assistant clerks in the Municipal Court of the City of New York, and take all the necessary steps or proceedings thereto; and for such other and further relief as may seem just and proper in the premises."

The respondent State Civil Service Commission of the State of New York answered, alleging that for a period of over eleven years, or from December, 1921, respondent State Civil Service Commission of the State of New York held and voted that it is possible and practicable to fill

the position of assistant clerk in the Municipal Court of the City of New York through competitive examinations and that such position may be and should be in the competitive class and not in the exempt class of the classified civil service and that in view of such repeated rulings and various decisions of the courts, it did not oppose the motion " but submits this matter to this court and asks for the instructions, directions and orders of this court in the premises which, of course, will be promptly and willingly obeyed."

The Municipal Civil Service Commission of the City of New York answered, alleging that for more than thirty years past there have been duly classified in the exempt class under the rules of the Municipal Civil Service Commission of the City of New York the forty-eight positions in question, and denying the right of the petitioner to an order compelling an *unanimous vote* on the part of the State Civil Service Commission to amend the rules of the Municipal Civil Service Commission by striking from the exempt classification the said forty-eight positions.

A hearing was held at Special Term, which resulted in an order denying petitioner's motion. The justice at Special Term handed down an opinion (147 Misc. Rep. 327) in which he held that mandamus will not lie to compel the discharge of a duty involving the exercise of judgment or discretion in any specified way; that while the Civil Service Commission of the State as a body may be called upon to act, it may not be directed how to act where it has the right to exercise its judgment; that in making the classification of the positions in question as exempt, the Municipal Civil Service Commission exercised its judgment; that the court should not substitute its judgment for that of the Commission and that the court has not power to compel the State Commission by an unanimous vote to amend the rules of the Municipal Commission by striking from the exempt classification the said forty-eight positions of assistant clerk.

The Appellate Division reversed the order, *on the law,* denying the motion for a peremptory order of mandamus and ordered that the State Civil Service Commission "forthwith classify forty-eight (48) positions of assistant clerk in the Municipal Court of the City of New York in the competitive class of the classified civil service," and further ordered that the Municipal Civil Service Commission "forthwith cause to be held competitive examinations as provided by the Civil Service Law to fill vacancies in said positions of assistant clerk in the Municipal Court of the City of New York as hereafter vacancies occur."

It is apparent that a majority of the members of the State Civil Service Commission believe that the positions in question should not be classified as exempt. The Attorney-General has ruled that the positions in question are municipal and not State positions. (Opinions of Attorney-General, 1927, p. 338.)

There seems to be no court decision on the subject. As municipal positions their classification is under the jurisdiction of the Municipal Civil Service Commission except that the State Civil Service Commission may, by unanimous vote, amend the rules of the Municipal Civil Service Commission. (Civil Service Law; Cons. Laws, ch. 7, § 11, subd. 7.)

If the matter of amending rules of a municipal commission involves the exercise of discretion on the part of the State Commission, then under the decisions the court should not substitute its discretion for that of the State Civil Service Commission.

We are confronted with the question of whether amending the rules of a municipal commission involves the exercise of a reasonable discretion on the part of the State Commission. The Commission has voted that it is practicable to classify these particular positions as competitive. Such a vote is advisory only. It might or might not be acted upon by the Municipal Commission. Not having

been so acted upon by the Municipal Commission by putting these positions into the competitive class, can it be said that there is no discretion involved in the matter of determining whether to force such action on the part of the Municipal Commission by amending its rules?

If such action is purely administrative, then the court may act provided the State Commission arbitrarily refuses to take such administrative action, but here there clearly is no duty imposed upon the State Commission by law or otherwise to amend the rules of a Municipal Commission in one respect or another. It may, by unanimous vote, take such action. Whether to do it or not, clearly involves the exercise of a reasonable discretion.

The distinction between what acts are discretionary and what acts are not is well illustrated in *Matter of Ottinger* v. *State Civil Service Comm.* (240 N. Y. 435, 443). The Attorney-General, by statute and the practice of his office, was authorized to and did appoint deputies and assistants without examination by the Civil Service Commission and submitted the payrolls to the Commission, which, declining to give effect to the statutory exemption, proceeded to determine for itself whether the nature of the several positions made the test of examination appropriate or futile and took the ground it would not classify certain positions as exempt until it had further information as to the nature of the duties. The Attorney-General made an application for an order of mandamus directing the Commission to certify that the appointments had been made pursuant to law. This court denied the application and said: " We find no reasonable basis for a belief that in all the positions, present or future, that exist or may exist in connection with this Bureau, there can be no place for a test of efficiency by any form of examination, even as a supplement to tests more intimate and personal. If the Legislature may so declare as to

this Bureau for no better reason than the need of secrecy, it may say as much of the employees of the District Attorneys in every County in the State * * * no such sweeping exemption within the limits of the administrative departments of the government has ever been proclaimed since the Constitution set bounds to the discretion of the Legislature in the formation of the Civil Service.

" Our ruling does not go beyond the necessities of the case before us. We do not attempt to say how the positions in controversy shall be classified by the Commission when classification becomes necessary. Very likely many, if not all, will be taken out of the competitive class, or perhaps exempted altogether."

No clear legal right exists to the relief prayed for, as a matter of discretion on the part of the State Civil Service Commission is involved, and this court may not properly interfere with the exercise of that discretion.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, J. (concurring). I concur with Judge HUBBS for reversal. Section 13 of the Civil Service Law designates the exempt class. After specifying one deputy clerk of each court, one clerk of each elective judicial officer, subdivision 4 also permits the Commission to exempt any position where examination " may be found to be not practicable." I do not think we can go so far as to say that the action of the municipal and also State Civil Service Commission has been an abuse of this discretion.

POUND, Ch. J. (dissenting). I find nothing in the record to indicate that it is not practicable to appoint assistant clerks of the Municipal Court according to the constitutional mandate (Const. art. V, § 6) that appoint-

ments in the civil service shall be made for merit and fitness to be determined by competitive examinations. I dissent.

LEHMAN and O'BRIEN, JJ., concur with HUBBS, J.; CRANE, J., concurs in opinion; POUND, Ch. J., dissents in opinion in which CROUCH, J., concurs.

Ordered accordingly.