In the Matter of the Application of ROBERT J. ROONEY, Appellant, for a Mandamus Order against WILLIAM GORHAM RICE, President, and Others, Constituting the New York State Civil Service Commission, and JAMES C. QUINN, Chairman, and Others, Constituting the New York City Alcoholic Beverage Control Board, LOUIS FISCHER, Intervenor, ELSIE WALDECK, Intervenor, and HENRY W. RALPH, Interested Party, Respondents.

First Department, November 27, 1936.

*Emanuel Thebner*, for the petitioner, appellant.

*Robert P. Beyer, Assistant Attorney-General*, of counsel [*John J. Bennett, Jr., Attorney-General*], for the respondents constituting the New York State Civil Service Commission, and the respondents constituting the New York City Alcoholic Beverage Control Board.

*Albert de Roode*, for the respondent Louis Fischer.

*William I. Cohen* of counsel [*Charles Kleiman* with him on the brief], for the respondent Elsie Waldeck.

MARTIN, P. J. The State Civil Service Commission, by resolution adopted on May 23, 1935, and approved by the Governor June 25, 1935, sought to place in the exempt class the first incumbent only of the position of executive officer in the office of the New York City Alcoholic Beverage Control Board, and by a later resolution adopted December 5, 1935, and approved by the Governor December 12, 1935, purported to exempt from the civil service the first incumbent only of the position of secretary in the office of the same board.

Under the authority of the State Constitution and by statute, the State Civil Service Commission has the discretionary power to classify positions in the exempt class on the ground that competitive or non-competitive examinations for the positions are impracticable. (State Const. art. V, § 6; Civil Service Law, § 13.) When such discretion is reasonably exercised the determination of the Commission will not be disturbed. (*Matter of Gluck* v. *Rice*, 265 N. Y. 132; *People ex rel. Schau* v. *McWilliams*, 185 id. 92, 99.) In this case the Commission first determined that the positions belonged in the competitive class and, concededly, on February 10, 1934, it duly held a competitive examination to fill the positions of executive officer and executive secretary of the New York City Alcoholic Beverage Control Board, pursuant to the Civil Service Law and Rules. The Commission then resisted all efforts to have the positions treated as exempt.

The present incumbents appear to have left nothing undone in their endeavor to retain their positions. In *Fischer* v. *Rice* (246 App. Div. 524) they sought, unsuccessfully, by injunction, to restrain the Commission from effectuating its determination which placed these positions in the competitive class. Upon that appeal our attention was called to the fact that an attempt had been made in the 1934 and again in the 1935 legislative session, by the passage of appropriate bills, to place in the non-competitive class the positions here involved and many others. The Governor, upon each occasion, vetoed these bills which had been passed by the Legislature upon the ground that the proposed changes would " permanently cement " into the non-competitive class the employees occupying these positions. These very positions were thus left in the competitive class.

It is now said that after an exhaustive investigation of the duties of the position, the exceptional qualifications of the present incumbents and the valuable experience and knowledge gained by them since their appointment, the Commission, in the best interests of the service of the State, resolved that the present incumbents be exempted. This appears to be a decided change of position in view of the stand taken by respondents upon the former appeal to this court. (*Fischer* v. *Rice, supra.*) The brief of the Attorney-General then stated: " By every means in their power, plaintiffs [present incumbents] have thus far succeeded in thwarting the mandate of the Legislature, the Governor and the Constitution itself. The instant application for an all-inclusive injunction is their latest move to perpetuate themselves in positions they have no legal or moral right to continue to hold. The time has arrived when plaintiffs must be made to respect and obey the law, to realize they are not above and outside of the law and be forced to relinquish the positions they have *too* long illegally held."

The Commission, however, does not even now exempt the positions — *it exempts the first incumbents only!* We are unable to find any authority in the State Constitution or in the statutes for such an exemption which thus seeks to remove from the competitive class of the civil service, not the positions but only the present holders thereof. This court cannot lend its approval to this plan which clearly violates the constitutional mandate that " Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive." (State Const. art. V, § 6.)

The appointment of respondent Fischer to the office of executive officer on June 25, 1935, and that of the respondent Waldeck to that of secretary on December 12, 1935, made pursuant to the resolutions referred to, were, in our opinion, illegal and void. Appointments to these two offices should have been made from the eligible list then in existence and promulgated as a result of a civil service examination duly held. (*Fischer* v. *Rice, supra.*)

The petitioner, we hold, is entitled to a peremptory order of mandamus, directing the New York City Alcoholic Beverage Control Board to terminate the employment of the appointees in the position of executive officer and that of secretary, declaring void the resolution of the State Civil Service Commission adopted June 25, 1935, and December 12, 1935, respectively, and directing that the State Civil Service Commission certify for the positions of executive officer and secretary to the New York City Alcoholic Beverage Control Board, names from the appropriate eligible list in existence at the time this application was made.

The order should accordingly be reversed, with twenty dollars costs and disbursements, and the motion for a peremptory order of mandamus granted to the extent indicated.

O'MALLEY, UNTERMYER, DORE and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion for a peremptory order of mandamus granted to the extent indicated in the opinion. Settle order on notice.