In the Matter of the Application of BART J. SHANAHAN, Petitioner, for Relief for Himself and Others Similarly Situated, Pursuant to Article Seventy-eight of the Civil Practice Act, against STANLEY S. JENKINS and Others, Constituting the Buffalo Civil Service Commission, and Others, Respondents.

Supreme Court, Erie County, February 23, 1938.

*David Diamond, Corporation Counsel [Jeremiah Hurley, Assistant Corporation Counsel, of counsel], for the respondents the Buffalo Civil Service Commission and others.*

*John J. Bennett, Jr., Attorney-General [James P. Cotter, Assistant Attorney-General, of counsel], for the respondent The Civil Service Commission of the State of New York.*

*Killeen & Sweeney, for the respondent Gregory U. Harmon.*

MALONEY, J. The petitioner moves for an order of mandamus directing the respondents as public servants to perform certain legal

acts having to do with the claimed illegal appointment and retention of respondent Harmon to and in the public service.

The respondent Harmon was appointed to a position in the office of the law department of the city of Buffalo on December 20, 1920, as ordinance attorney. Such appointment was made from the civil service list of " Clerk for the Department of Law," which was legally held by the commission to be a proper available list from which said appointment might be made. (Civil Service Law, § 14; local rule 17, subd. 1.)

In January, 1924, Mr. Harmon was promoted to city attorney and served as such to December 27, 1927, resigning to become corporation counsel, serving in that capacity until December 31, 1929. From January 1, 1930, until November 1934, he was separated from the civil service. In November, 1934, he was appointed corporation counsel of the city of Buffalo and served as such until November 30, 1937, at which time he resigned and was reinstated as assistant corporation counsel.

February 20, 1934, George L. Grobe, then corporation counsel, requested the Buffalo civil service commission to enact such amendments to the rules, or otherwise, as the commission might deem advisable which would enable him to reinstate Mr. Harmon to his former position as assistant corporation counsel. Mr. Grobe stated, in effect, the reason actuating him in making the request was the need of the appointment of a person having particular training, skill and experience, and stated that Mr. Harmon, because of his particular training and experience in the law department, was familiar with the legal work of the city and that he would be *immediately* valuable to the city compared with another lacking such actual training. The Buffalo commission unanimously adopted the following resolution on February 20, 1934:

" *Resolved*, that the provisions of section 1 of Rule 23 of the rules for the classified civil service of the City of Buffalo having reference to reinstatement be suspended for the purpose of permitting the reinstatement of Gregory U. Harmon as Assistant Corporation Counsel, Department of Law, Mr. Harmon having resigned on December 28, 1927, at which time he was appointed Corporation Counsel."

Rule 23, subdivision 1, of the rules of the civil service commission of the city of Buffalo provided:

" Reinstatements. 1. Any person who has held a position by appointment in the civil service, and who has been separated from the service through no delinquency or misconduct on his part, may with the approval of the Commission and within one year from the date of such separation, be reinstated without re-examination in a

vacant position in the same group and grade, and in the same office, division, department or institution, and for original entrance to which there is not required by these rules an examination involving essential tests or qualifications different from or higher than those required for original entrance to the position held by such person, or may be appointed to a position to which he was eligible for transfer."

The petitioner is an assistant corporation counsel, duly appointed and serving in grade 8 under rule 19 of the Buffalo commission. The position to which Mr. Harmon was reinstated is in grade 10 under the same rule. The petitioner is not at present on any promotional eligible list. No request has been made for the establishment of such a list to fill the position to which Mr. Harmon was reinstated.

This proceeding, therefore, is brought by the petitioner as a citizen only. The only relief, if any, to which the petitioner is entitled is an order compelling the respondents as public officers to perform a public duty. Other relief demanded may be obtained in a taxpayer's action, but not in a mandamus proceeding. (*Matter of McCabe* v. *Voorhis*, 243 N. Y. 401.)

If the head of the department, or if the civil service commission, determined that the position may not practically be filled by promotions of the persons next in line for promotion, then an open competitive examination may be held. This does not create a personal interest in this petitioner in this litigation. (*Matter of Gluck* v. *Rice*, 265 N. Y. 132, 134.)

Unless Mr. Harmon's appointment be in conflict with the Constitution, Civil Service Law or legal rules of the commission, the presumption is that it is valid. (*Schieffelin* v. *Lahey*, 243 N. Y. 102, at p. 112.)

" The presumption is that the civil service commission will keep within its powers and will not attempt to evade the Constitution by insidious exceptions to the rule of merit and fitness therein laid down."

The power of appointment is wholly and entirely in the head of the department under the city charter.

The Civil Service Law and the rules adopted to make effective the constitutional provision are regulatory only, and appointments not in conflict, otherwise valid, may be made. In laying down this principle, Chief Judge CRANE wrote: " We always start with the absolute power of appointment and of removal unless some statute or constitution directs otherwise." (*Thoma* v. *City of New York*, 263 N. Y. 402, 405.)

The Constitution of the State (Art. 5, § 6) provides: "Appointments and promotions in the civil service of the State, and of all the civil divisions thereof * * * shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive. * * * Laws shall be made to provide for the enforcement of this section."

Subdivision 1 of section 6 of the Civil Service Law provides for the adoption, amendment and enforcement of rules.

" The State Civil Service Commission shall

" 1. Prescribe, amend and enforce suitable rules and regulations for carrying into effect the provisions of this chapter and of section six of article five of the Constitution of the State of New York, as herein provided. The rules prescribed by the State and municipal commissions pursuant to the provisions of this chapter shall have the force and effect of law."

The Civil Service Law expressly confers on the Commission the right to amend or modify the rules so established. A suspension of a subdivision of a rule as in this case is clearly a modification of the rule.

Subdivision 2 of section 11 of the Civil Service Law provides, in part, as follows: " Subdivision 2. Such rules so prescribed and established, and all regulations for appointment and promotion in the civil service of said cities and any subsequent modification thereof, whether prescribed under the authority of a general law or of any special or local law, shall be valid and take effect only upon the approval of the mayor or other duly authorized appointing authority of the city and of the State Civil Service Commission."

Said law aforesaid provides, after referring to rules adopted by a local commission, " and any subsequent modification thereof * * * shall be valid and take effect only upon the approval of the mayor * * * and of the State * * * Commission."

The local commission's action in suspension of rule 23, subdivision 1, aforesaid, was not effective until its approval as required by the statute as hereinabove.

Assuming for the purpose herein that the original appointment of respondent Harmon was valid and legal and assuming further that the action of the local commission in suspending rule 23, subdivision 1, was *bona fide*, the query presented is: Did the hiatus of thirty-eight and one-half months between the adoption of the resolution and its approval by the mayor and State Commission comply with the statute and the intent of the constitutional provision appertaining to civil service?

The statute and rules are silent as to any limitation as to the time within which such approval may be made. This being so, the law presumes such approval to be made within a reasonable time and

thirty-eight and one-half months as a matter of law, in my opinion, was not a reasonable time for the mayor and the State Commission to withhold a decision of approval or disapproval of the resolution in question. A chronological chart of events happening during the period said approval was withheld is important as bearing on the question of reasonable time. February 20, 1934, Mr. Grobe wrote a letter to the local commission; February 20, 1934, local commission suspends rule; February 20, 1934, resolution of suspension forwarded to mayor; in November, 1934, Mr. Grobe resigned as corporation counsel; in November, 1934, Mr. Harmon was appointed corporation counsel; May 6, 1937, resolution approved by mayor; May 6, 1937, resolution approved by State Commission; May 18, 1937, certificate of approval filed in city clerk's office; November 30, 1937, Mr. Harmon resigned as corporation counsel; November 30, 1937, Mr. Cornish appointed corporation counsel; December 1, 1937, Mr. Harmon appointed as assistant corporation counsel.

In the interim above it appears that the personnel of the local and State commissions was changed and a new member was appointed to each commission. It is manifest from the events above enumerated that the conditions which prevailed on February 20, 1934, did not continue to exist without substantial changes therein during the period hereinabove set out.

The respondent Harmon occupied the office of corporation counsel at the time such approval by the mayor and State Commission was made. Subdivision 4 of section 11 of the Civil Service Law provides: " It shall be the duty of such persons to prepare and to procure the approval of the rules herein provided for, and, if they fail to do so within sixty days after their appointment, the State Commission shall forthwith make such rules."

" Such persons " aforesaid refers to the members of the local commission. The law hereinbefore quoted has the effect of limiting the time for such approval, at most, to a period of a reasonable time after the expiration of sixty days from the time of the adoption of the original rules.

The law above is some expression of what the State Legislature considers a reasonable time in which approval by the mayor and State Commission may be made.

In my opinion, the conditions found by the local commission to be existent on February 20, 1934, had ceased to exist long before the approval by the mayor and State Commission. The withholding of decision by the mayor and State Commission for a period of thirty-eight and one-half months was illegal and invalid and not in accord with the Constitution and statutes appertaining thereto. Having failed to exercise their judgment within a reasonable time

they were precluded from so doing. The resolution of the local commission in suspending its rules never became legally effective and, therefore, any action thereunder was invalid, illegal and void.

Let peremptory order of mandamus issue, without costs to the respondents herein, requiring them and each of them to do such legal acts as will make the within order effective.