In the Matter of MALACHY G. FEENEY et al., Petitioners, against VILLAGE OF BRONXVILLE et al., Respondents.

Supreme Court, Special Term, Westchester County, May 11, 1945.

*Albert De Roode* for petitioners.

*Arnold Frye* and *Barent L. Visscher* for Village of Bronxville, respondent.

*Samuel D. Smoleff* for Thomas J. Brennan, respondent.

COYNE, J. This is a proceeding under article 78 of the Civil Practice Act, brought by two sergeants of the police force of the Village of Bronxville, as petitioners, against the village and its officials, attacking the validity of the appointment of the respondent Thomas J. Brennan, as Chief of Police of said village. Petitioners seek, among other things, an order declaring all acts of the village officials in respect to the appointment illegal and void, and directing the officials to hold a competitive promotional examination for the position in question. The position is in the competitive class.

The respondent Brennan formerly held the position of Chief of Police of the Village of Dobbs Ferry, which is also located in the county of Westchester, and to which position he had been appointed after having taken a competitive examination. The respondent Brennan is a disabled veteran, and on the argument it was conceded that he is a well-qualified and experienced police officer.

Anticipating a vacancy in the position of Chief of Police because of the retirement of the incumbent, the village authorities sought the advice of the County Personnel Officer, the duly authorized representative of the State Civil Service Commission in the County of Westchester (Civil Service Law, §§ 10, 11-a, subd. 1, par. [b]). After an extensive investigation and full consideration by the personnel officer of all facts and circumstances pertaining to the police department of the Village of Bronxville, and after conferences and communications with the State Civil Service Commission, it was determined that it would not be practicable to hold a promotional examination to fill the vacancy, and that the best interests and welfare of the village would be served by transferring a competent police chief from the neighboring Village of Dobbs Ferry. Such a transfer was made under and in pursuance of the authority

conferred by section 199-p of the Village Law█ and section 16 of the Civil Service Law.█

Petitioners first argue that both section 199-p of the Village Law and section 16 of the Civil Service Law are unconstitutional insofar as they provide for transfers between the several villages. Suffice to say in answer to this contention that the said statutes conform to the mandate of the Constitution. The procedure outlined does not offend or disregard that mandate.

The main argument advanced by petitioners is to the effect that the transfer was made without compliance with the basic requirement of the civil service provisions of the New York Constitution (art. V, § 6) which provides in substance that all appointments and promotions in the civil service of the State and of all the civil subdivisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive. Petitioners further contend that the implementing provisions of section 16 of the Civil Service Law require that vacancies in positions in the competitive class shall be filled, so far as practicable, by promotion from among persons holding positions in a lower grade in the department in which the vacancy exists.

The narrow issue to be determined is whether or not it was practicable to hold a promotional examination for the position of Chief of Police of the Village of Bronxville. " Discretion there is in determining the limits of the practicable. It is not, however, an uncontrolled discretion, but one subject to the teachings of experience and the supervision of the courts " (*Barlow* v. *Berry*, 245 N. Y. 500, 504). The limits of the practicable may not be determined as an abstraction, irrespective of experience. (*Matter of Ottinger* v. *Civil Service Comm.*, 240 N. Y. 435, 441.) It is true that our courts have been alert to enforce the provision of the Constitution and have guarded against its infringement by legislative fiat or otherwise. But this does not mean that the constitutional direction to make a selection by competitive examination, where practicable, is an

unconditional mandate barring the reasonable exercise of discretion on the part of those administering the merit system to decide that such examinations are not practicable in a given case. (*Matter of Craig* v. *Bd. of Education of City of N. Y.*. 173 Misc. 969, 981, affd. 262 App. Div. 706.)

Under both the Constitution and Civil Service Law, the State Civil Service Commission or its analogue, the Personnel Officer of the County of Westchester, was charged with the duty of effectuating the civil service provisions of the Constitution and the Civil Service Law. In the exercise of such power, duty and discretion and after carefully studying and analyzing the situation existing in the police department of the Village of Bronxville, the personnel officer determined that it was not practicable to fill the vacancy for the position of Chief of Police of that village by promotional examination. The personnel officer and the local authorities had full knowledge of the activities and experience of the eligibles. They were best qualified to evaluate the capacity of the respective eligibles and to adjudge the ability of the eligibles to perform the duties of the responsible and important position of Police Chief. It was within the province of these officials to determine whether the eligibles measured up in experience, ability and general competence for the position of Chief of Police of the said village.

In the exercise of the discretion vested by law, the personnel officer and the local authorities determined that, for the best interests of the village, the position should be filled by a transfer of a duly qualified police officer from a neighboring village in this county in accordance with the authority conferred by the statutes heretofore mentioned. The court finds a reasonable factual basis in view of the circumstances existing, to justify the action taken by the authorities, and holds that there has been no violation of the fundamental constitutional provision with respect to civil service by competitive examination. It does not appear, in the opinion of the court, that the action of the appointing powers was corrupt, arbitrary, capricious, discriminatory, erroneous or illegal. This court should not therefore substitute its judgment for the judgment of the administrative body, the agency duly constituted by the Legislature to determine the practicability of filling the position by transfer. It is not the function of the court to make such determination; and even though the judgment of the court may differ from that of the administrative agency and appointing power, the court should interfere only where it appears that the action taken was corrupt, arbitrary or palpably illegal.

To do so would be a usurpation of the properly delegated power of the Constitution. (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *People ex rel. Moriarty* v. *Creelman,* 206 N. Y. 570; *Matter of Gluck* v. *Rice,* 265 N. Y. 132; *Matter of Deodati* v. *Kern,* 280 N. Y. 366; *Matter of Kinnerney* v. *Hornell Civil Service Comm.,* 262 App. Div. 39.) No clear right exists to the relief prayed for. Application denied and petition dismissed.