In the Matter of JOHN F. HOHM, JR., Respondent, against ONONDAGA COUNTY CIVIL SERVICE COMMISSION et al., Appellants.

Fourth Department, November 16, 1955.

*John G. Kimball* for respondent.

*Julian W. Edgcomb, County Attorney (Stuart E. Pomeroy* of counsel), for appellants.

KIMBALL, J. The petitioner served as a patrolman in the police department of the City of Syracuse from October 16, 1947, until February 12, 1952, at which time he voluntarily resigned to accept an appointment under the Federal civil service. On May 12, 1952, pursuant to rule XIX of the Onondaga County Civil Service Commission, he was reinstated to his former position as patrolman. Such reinstatement was evidently upon the application of the petitioner and was discretionary with the appointing officer. About April 26, 1954, the Civil Service Commission ordered a promotional examination for the positions of sergeant and detective in the city of Syracuse police department. Pursuant to its rules, the commission set up the minimum qualifications and requirements of candidates for the examination. The commission provided the following job specification: " Candidates must be permanently employed in the Department of Police of the City of Syracuse and must be serving and have served on a permanent basis in the competitive class as Patrolman for at least four years immediately preceding the last day for filing applications for promotion." The petitioner made applications for both positions. These applications were rejected on the ground that petitioner had not served on a permanent basis in the competitive class as patrolman " for at least four years immediately preceding May 17th, 1954." The petitioner appealed to the commission and was given a hearing. At the hearing, the only question raised was whether the resignation and subsequent reinstatement constituted a break in the four years of service immediately preceding the applications for promotion. The appeal was denied and the petitioner then brought on this proceeding at Special Term, pursuant to article 78 of the Civil Practice Act. The relief asked was that the Onondaga County Civil Service Commission correct its records to show that petitioner's service was continuous.

The Special Term held that the resignation constituted a complete break in service and that continuous service " must be considered to be recommenced on May 12, 1952." With this, we agree. The Special Term pointed out that the four-year job

specification required a longer term of service than did the minimum six months' service rule applicable generally to all positions. (Rules of Onondaga Co. Civil Service Comm., rule XV.) The court, however, did not pass upon the validity of the job specification of four years said to be in conflict with the general six months' rule. We are of the opinion that the commission had ample authority to require service of greater length than the minimum as a requirement for promotional examinations for sergeant or detective in the police department. (*Matter of Kiley* v. *McElroy,* 98 N. Y. S. 2d 742, affd. 278 App. Div. 703.) The order from which the commission appeals is based upon a finding that the requirement of four years' continuous service is " an unreasonable, irrelevant and unnecessary requirement." The order recites that the four years' requirement is " irrelevant and unreasonable " and declares the petitioner to have been eligible to take the examinations.

We find nothing in the record to support the conclusion of the Special Term. No facts have been brought forward by the petitioner-respondent to sustain a finding that the requirement was arbitrary, capricious or unreasonable. In *Matter of Wirzberger* v. *Watson* (305 N. Y. 507, 513) the court said: " that the commission's fixing of the minimum requirements for admission to an examination is not to be interfered with by the courts if any fair argument can be made to sustain its action." (Citing authorities.) In the instant case, there was no claim or allegation in the petition that the requirement was other than reasonable and valid. No such position was taken at the hearing before the Onondaga County Civil Service Commission. The appellants' answer set up an affirmative defense and it was alleged " That such requirement is consistent with the promotion requirements employed by the respondent in promotion examinations and is not capricious, unreasonable or discriminatory ". The petitioner made no reply to such affirmative defense and apparently did not seek to raise such issue. In any event, the petitioner failed to sustain the burden of establishing that the requirement was either " irrelevant and unreasonable " or " arbitrary and capricious."

The order appealed from should be reversed and the proceeding dismissed.

All concur. Present: McCURN, P. J., VAUGHAN, KIMBALL, WHEELER and VAN DUSER, JJ.

Order reversed, on the law, without costs and proceeding **dismissed.**