Edward G. Baker, J.
In this article 78 CPLR proceeding petitioner seeks an order adjudging that respondent’s rating of the training and experience test part of the assistant to principal examination was illegal; that respondent make available to petitioner, as well as to the public, its schedule adopted for competitive rating of such examination, and in advance of other examinations hereafter administered by it; that respondent process an appeal from a passing grade received by petitioner in said examination.
*468 In May, 1964 the respondent announced an examination for license as assistant to principal in day elementary schools. Petitioner applied for and was admitted to said examination. The aforesaid examination was divided into seven parts, one of which consisted of an evaluation of the candidate’s training and experience. The passing mark on this test part was 60% and its weight on the entire examination was 30%.
Petitioner submitted a statement of many years of teaching service, including certain alleged experience in Bayonne, New Jersey. Both petitioner and respondent made many attempts to have this service verified but despite these efforts no confirmation of petitioner’s alleged service in Bayonne was ever received. Respondent delayed giving her a final grade in the examination in the hope that confirmation of the aforesaid service would eventually be received. Finally, petitioner authorized respondent to calculate her final rating without including the claimed service in Bayonne. Thereafter petitioner’s final grade was computed without her claimed service in Bayonne being considered. Petitioner nevertheless received a passing grade in the examination and her name was placed upon the eligible list to await appointment.
The petitioner contends that the rating of training and experience by the respondent pursuant to section 12 of the By-Laws of the New York City Board of Examiners is contrary to and in excess of its authority under its enabling legislation (Education Law, § 2569). Petitioner maintains that respondent’s rating schedule is over and above the standards promulgated under section 327 of the By-Laws of the Board of Education and is ultra vires in the light of subdivision 10 of section 2573 of the Education Law.
The New York City Board of Examiners’ by-law section 12, relative to the rating of training and experience test procedures of said board provides as follows: “The scope of a competitive examination for a regular license may include the rating of training and experience. In such case, the training and experience of applicants who have reached this part of the examination and who have received a rating of ‘ satisfactory ’ on the appraisal of record shall be competitively evaluated according to the rules and the appropriate rating schedule adopted by the Board of Examainers.”
■Section 2569 of the Education Law insofar as pertinent, provides as follows: “Board of examiners. 1. In a city having a population of one million or more there shall be a board of examiners to consist of nine members, one of whom shall be the superintendent of schools or an associate superintendent desig *469 nated by him to act in his stead during his pleasure. No person other than the superintendent of schools, or an associate superintendent so designated shall, while in the supervising or teaching service of the city, serve on such board. It shall be the duty of the board to hold examinations whenever necessary, to examine all applicants who are required to be licensed or to have their names placed upon eligible lists for appointment in the schools in such city, except examiners, and to prepare all necessary eligible lists. Eligible lists shall not be merged and one eligible list shall be exhausted before nominations are made from a list of subsequent date. No eligible lists, except principals’ eligible lists, shall remain in force for a longer period than three years. The board of examiners may employ temporary assistants at a compensation fixed by the board of education. It shall perform such other duties as the board of education may require.”
Section 2573 of the Education Law in part provides as follows: ‘ ‘ 10. In a city having a population of one million or more, recommendations for appointment to the teaching and supervising service * * * shall be from the first three persons on appropriate eligible lists prepared by the board of examiners. * * * The board of education, on the recommendation of the superintendent of schools shall designate, subject to the other provisions of this chapter, the kind and grades of licenses which shall be required for service as principal, * * * or any other position of the teaching staff together with the academic and professional qualifications required for each kind or grade of license. ’ ’
Section 327 of the By-Laws of the Board of Education of the City of New York, which contains the eligibility requirements for the license and position of assistant to the principal in day elementary schools, provides as follows:
“Assistant to Principal of Elementary School.
“Preparation: A baccalaureate degree and in addition 30 semester hours in approved graduate courses; said preparation shall include 32 semester hours in appropriate professional courses, 6 of which shall be in supervision and/or in administration or organization, 6 of which shall be in methods of teaching reading in the language arts at elementary school level, and 6 of which shall be in guidance.
"Experience: Five years of teaching under appointment in day schools, not more than two of which may be guidance experience under a regular guidance license. ’ ’
Upon a careful scrutiny of the afore-mentioned statutes and by-laws the court is of the opinion that the petitioner’s conten *470 tion is untenable. Section 2569 of the Education Law clearly establishes that the respondent has sole jurisdiction over the conduct of examinations for licenses of positions in the New York City school system. The function of the Board of Examiners is to test the merit and fitness of all candidates. In the instant case an examination divided into a number of different test parts was given in order to obtain an evaluation of the petitioner’s merit and fitness to assume the responsibility of the position here involved. This was not an increase of eligibility requirements as set forth in section 327 of the By-Laws of the Board of Education, which merely represents the minimum amount of experience necessary to be admitted to the examination. The test parts, including training and experience, were instrumental in ascertaining the qualifications of each applicant and thereby enabled the respondent to place petitioner in her appropriate position on the eligible list.
Moreover, the eligibility requirements in said section 327 of the By-Laws of the Board of Education of the City of New York are merely a guide or a norm stating generally the particular qualifications deemed desirable and acceptable for the designated position. Such qualifications set forth therein are not so inflexible as to preclude the respondent from prescribing reasonable minimum qualifications, such as contained in section 12 of the By-Laws of the Board of Examiners, not literally in accordance with the aforesaid section, but consonant with the fair intendment and spirit of the plan. (Matter of Kiley v. McElroy, 98 N. Y. S. 2d 742, affd. 278 App. Div. 703; Matter of Hohm v. Onondaga County Civ. Serv. Comm., 286 App. Div. 585.)
A perusal of the papers submitted herein reveals that the petitioner received a passing grade of 66.60 in the entire examination and was issued her license as assistant to principal. She received a passing rating of 23.70 out of a possible 30 on the training and experience test part but sought to appeal in the hope that it would result in a better score and higher placement of her name on the eligible list.
Section 6 of article V of the New York State Constitution provides that appointments and promotions in civil service shall be made according to merit and fitness to be ascertained by competitive examinations. In addition thereto, the Civil Service Law was enacted and covers examinations for positions within the civil service system (Civil Service Law, § 50). However, New York City teachers, while in civil service are tested in a special manner. Section 2569 of the Education Law was enacted which created the Board of Examiners of the Board of Education of the City of New York. There is nothing in the *471 Education Law which requires the Board of Examiners to provide any kind of appeal procedure. This differs from the Civil Service Law (§ 6, subd. 5) which provides that applicants in civil service examinations be given the right to appeal.
It is manifest that had the Legislature desired to give applicants for teaching licenses in New York City the statutory right to appeal it would have so provided in the Education Law. However, the respondent adopted certain appeal procedures under section 14.1 of the By-Laws of the Board of Examiners, which provides in part as follows: “An applicant who has been refused a license or a certificate of competency because of unsatisfactory rating in any examination or in any test part or other part of an examination or because of the ineligibility, shall have the right to file an appeal * *
Under the circumstances herein the decision of the respondent not to process the petitioner’s appeal because she received a passing grade and its determination not to release the schedule adopted for the rating of training and experience test part of the examination, in the court’s opinion, was a proper exercise of discretion and was not arbitrary, capricious or illegal. Therefore, the court will not substitute its judgment for that of an administrative body duly constituted by the Legislature to examine all applicants and prepare all necessary eligible lists for appointment in the New York City school system. (Matter of Feeney v. Village of Bronxville, 185 Misc. 1, affd. 269 App. Div. 1040, affd. 295 N. Y. 904.) Moreover, petitioner has not established a clear right to the relief sought. Accordingly, the application is denied in all respects and the petition is dismissed.