In the Matter of ARTHUR S. COWEN et al., Respondents, against GRACE A. REAVY et al., Constituting the Civil Service Commission of the State of New York, Appellants.

Argued April 25, 1940; decided June 4, 1940.

*John J. Bennett, Jr., Attorney-General (Bernard L. Alderman* and *Henry Epstein* of counsel), for appellants. The Civil Service Commission determined upon the qualifications it deemed most appropriate for the position of unemployment insurance referee. Its determination was reasonable and was arrived at after due deliberation had in good faith.

Courts will not substitute their judgment for that of the agency duly constituted by law to make a determination even though the courts differ with the agency as to its wisdom so long as the agency's actions are not arbitrary, capricious or palpably illegal. (*Bridgeman* v. *Cosse*, 157 Misc. Rep. 8; 246 App. Div. 632; 271 N. Y. 535; *People ex rel. Moriarity* v. *Creelman*, 206 N. Y. 570; *People ex rel. Schau* v. *McWilliams*, 100 App. Div. 176; 185 N. Y. 92; *Matter of Simons* v. *McGuire*, 204 N. Y. 253; *People ex rel. New York & Queens Gas Co.* v. *McCall*, 219 N. Y. 84; 245 U. S. 345; *Matter of National Surety Co.*, 248 App. Div. 111; 272 N. Y. 613; *Matter of Sheridan* v. *Kern*, 255 App. Div. 57; *Matter of Walker* v. *Maxwell*, 68 App. Div. 196.) The Civil Service Commission acted legally and properly exercised its discretion in providing a relative weight of six out of ten for " training, experience and general qualifications." Training and experience bear directly upon qualifications for the position of unemployment insurance referee and constitute a valid competitive test of fitness. (*People ex rel. Caridi* v. *Creelman*, 150 App. Div. 746; *People ex rel. Braisted* v. *Municipal Civil Service Comm.*, 100 App. Div. 240; *Matter of Allaire* v. *Knox*, 62 App. Div. 29; 168 N. Y. 642; *People ex rel. Buckley* v. *Roosevelt*, 19 App. Div. 431.)

*Charles Gordon* for respondents. The Civil Service Commission must act legally, properly and reasonably. If it transgresses the bounds of legality, propriety and reasonableness, the courts will intervene to correct its actions and to assure a just result. (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *Matter of Sheridan* v. *Kern*, 255 App. Div. 57; *Matter of Ryan* v. *Finegan*, 166 Misc. Rep. 548; *Kelty* v. *Kaplan*, 205 App. Div. 487; *Story* v. *Craig*, 231 N. Y. 33; *Matter of Barthelmess* v. *Cukor*, 231 N. Y. 435; *Matter of Scahill* v. *Drzewucki*, 269 N. Y. 343.) The announcement does not fix objective standards for rating applicants. (*Matter of Fink* v. *Finegan*, 270 N. Y. 356.)

*Edward Rager* for Association of the Bar of the City of New York, *amicus curiæ*.

*Herman A. Gray* and *Isidore G. Popik* for New York County Lawyers Association, *amicus curiœ.*

*Joseph Rosch* and *Emil Peters* for New York State Bar Association, *amicus curiœ.*

*Herman E. Cooper, William Sardell* and *Charles Barasch* for National Lawyers Guild, New York Chapter, *amicus curiœ.*

LEWIS, J. In making provision for the administration of the Unemployment Insurance Law (Labor Law [Cons. Laws, ch. 31], art. 18), the Legislature authorized the Industrial Commissioner to appoint, " subject to the regulations of the civil service," as many referees as may be necessary to perform duties prescribed by that act. (Labor Law, § 518, subd. 6-a.) Such authorization in due course led to a public notice by the Civil Service Commission of an examination of candidates for vacancies existing in the position of unemployment insurance referee in the competitive class of the civil service. The notice stated that in rating candidates to be examined a credit of forty per cent would be given to the written examination upon the duties of the position and a relative weight of sixty per cent would be accorded to " training, experience and general qualifications " of the applicant. After describing the duties of the position the notice specified the minimum qualifications required. Those minimum qualifications were made applicable to three separate groups and may be fairly summarized as follows:

(a) Applicants who are high school graduates and who have six years full-time, paid employment (at least two years in a supervisory or administrative capacity) in one of the following:

1. Positions in the placement or personnel office of a business or labor organization or an employment agency.

2. Positions involving management or direction of a large staff of personnel.

3. Positions in the Workmen's Compensation Bureau.

4. Positions in a public or private agency dealing with compliance with labor laws or labor agreements.

5. Positions involving settling insurance claims.

(b) Applicants who are college graduates and have four years of the experience listed in (a) (at least one year in a supervisory or administrative capacity).

(c) Applicants who are graduates from a recognized school of law, who are admitted to the Bar and have had at least five years' experience in active practice of the law including or supplemented by the following specialized experience:

1. One year full-time paid employment in one of the positions described in (a) which must have been in an administrative or supervisory capacity, or

2. Two years' satisfactory full-time experience in a public agency or civic organization in drafting legislation, or in formulating rules of procedure affecting contested claims, or

3. Two years' full-time paid employment in the active conduct of labor or workmen's compensation cases, or

4. Two years' experience with a government agency as arbitrator or referee.

The present proceeding under article 78 of the Civil Practice Act was instituted by four petitioners, each of whom is admitted to the Bar of this State and has had an experience of more than five years in active practice of the law. Applications by three of the petitioners for permission to participate in the examination having been rejected and an application to the Commission by the petitioners for a revision of the minimum qualifications having been denied, this proceeding followed.

The Civil Service Commission now appeals as of right from an order of the Appellate Division,' affirming an order of Special Term which canceled the civil service examination held pursuant to the public notice mentioned above and directs the Commission to revise the minimum qualifications prescribed for the position of unemployment insurance referee in such a manner as to permit participation in the examination by attorneys admitted to practice in the courts of this State who have had an experience of five years in

general practice. The Commission is also ordered to strike from the notice of a new examination, which it is directed to hold, the provision which gives a rating weight of sixty per cent for " training, experience and general qualifications," with permission to substitute therefor objective standards in the rating of applicants.

It is a function of the Civil Service Commission to fix a fair and reasonable standard by which may be tested the qualifications of applicants for appointment in the civil service. The exercise of that function may be the subject of judicial review only in the event of a clear showing that in fixing the test of fitness the action by the Commission was arbitrary, capricious or unreasonable. (*People ex rel. Sweeney* v. *Rice*, 279 N. Y. 70, 73; *Matter of Andresen* v. *Rice*, 277 N. Y. 271, 276, 277; *Matter of Barthelmess* v. *Cukor*, 231 N. Y. 435, 443.)

Upon the present record we find the quality of reasonableness lacking in the action by the Commission which gave a relative weight of forty per cent to the written examinations covering the duties of the position of unemployment insurance referee and ascribed sixty per cent to " training, experience and *general qualifications.*" We view such a basis of rating in the light of the constitutional provision which requires that appointment and promotion in the civil service " * * * shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive; * * *." (State Const. art. V, § 6.) In this statement of public policy and in the statutes enacted to make it effective the emphasis is upon the element of competition. " The test is not merely examination. The test is *competitive* examination." (*Matter of Barthelmess* v. *Cukor, supra*, p. 445.) But the mandate for competition becomes futile when, as here, we find that a candidate's " general qualifications "— wholly subjective to the examiners and unappraised by objective standards of any kind — are made a test of fitness and, with training and experience, are given a rating weight of sixty per cent. " An examina-

tion cannot be classed as competitive unless it conforms to measures or standards which are sufficiently objective to be capable of being challenged and reviewed, when necessary, by other examiners of equal ability and experience." (*Matter of Fink* v. *Finegan*, 270 N. Y. 356, 362; *Barlow* v. *Berry*, 245 N. Y. 500, 503, 504; *Matter of Ottinger* v. *Civil Service Comm.*, 240 N. Y. 435; *Matter of Barthlemess* v. *Cukor*, *supra.*)

Passing to a consideration of the minimum requirements which limit the right of lawyers to enter the examinations, the Commission has given notice that such applicants must be *graduates from recognized schools of law*, admitted to the Bar and have at least five years' experience in active practice. We regard such a requirement as an unreasonable and arbitrary discrimination against the lawyer who is not a graduate of a recognized school of law but who may have qualified in this State as an attorney and counselor at law by admission to practice in accord with rules authorized by statute (Judiciary Law [Cons. Laws, ch. 30], § 53) and promulgated by this court. (Rules III and IV of the Rules of the Court of Appeals for the Admission of Attorneys and Counselors at Law.)

In addition to graduation from a recognized school of law and admission to the Bar, followed by at least five years of active practice of the law, the minimum qualifications which the Commission has fixed as limiting a lawyer's right to participation in the examination, include an experience varying from one to two years in any one of the four types of work prescribed in group " (c)," subdivisions 1, 2, 3 and 4, of the notice of examination (summarized above). The statutory duties of an unemployment insurance referee are defined as follows: " It shall be the duty of a referee, under the supervision, direction and administrative control of the appeal board, to hear and decide disputed claims for benefits, to hear and decide cases arising under section five hundred twenty-three hereof and to conduct such other and further hearings in connection with the foregoing as may be required by the appeal board."

(Labor Law, § 518, subd. 6-a, and § 530, added by L. 1939, ch. 662, § 17.) The statute thus makes it clear that the referees to be appointed must be qualified to conduct hearings and to make decisions in controversial matters which may arise in connection with claims for unemployment insurance benefits under article 18 of the Labor Law. Those duties require of a referee the ability to interpret that statute and to apply its provisions to the particular state of facts which give rise to each controversy. Mindful of these requirements—which partake of the judicial function — it is difficult to state a reason why admission to the Bar, followed by five years of active practice of the law, would not be sufficient as a qualification for the performance of those duties. We cannot say, as matter of law, however, upon the present record that the additional minimum qualifications set forth as alternatives in group " (c)," subdivisions 1, 2, 3 and 4, of the Commission's notice of examination, are unreasonable. The question of the reasonableness of such additional minimum qualifications is, in the circumstances present here, one of fact (*People ex rel. Sweeney* v. *Rice, supra,* p. 73) and should be made the subject of proof at Special Term.

The order should be modified by remitting the proceeding to the Special Term, there to proceed in accordance with this opinion, and, as so modified, affirmed, without costs.

SEARS, J. (dissenting). In this proceeding the action of the Civil Service Commission in fixing minimum qualifications for admission to an examination to the position of unemployment insurance referee and in formulating rules in respect to the rating of applicants upon the examination is challenged as illegal and invalid. With much contained in the majority opinion I am in accord. To provide, as the Commission has done, that a relative weight of forty per cent only is to be given to the written examination while sixty per cent is given to experience and general qualification is in conflict, as the majority opinion points out, with the constitutional provision that an examination

to determine merit and fitness so far as practicable shall be competitive. (*Matter of Scahill* v. *Drzewucki*, 269 N. Y. 343.) I am also in accord with the view that the requirement that attorneys and counselors at law admitted to the examination must be graduates from a recognized school of law is unreasonable. There is no rational basis for the distinction between attorneys who qualify for admission to the Bar in this State by presenting a certificate of graduation from a recognized law school and those who qualify themselves by other study under the rules of the Court of Appeals for admission of attorneys and counselors at law. No such single requirement for admission to the Bar as a law school graduation is imposed by the rules of this court, and I do not perceive how additional merit or fitness can depend on professional graduation as against an adequate substitute such as is provided in the Court of Appeals rules.

When, however, it comes to the qualifications with respect to experience I am in disagreement with the majority. Broad powers are granted to administrative boards. Action of such boards within the scope of the powers conferred upon them can only be invalidated when the action is arbitrary or unreasonable, palpably illegal. The Commission need not show the reasonableness of its determination. It is only where the administrative board errs as matter of law by arbitrary, capricious or unreasonable action that the courts may intervene. The qualifications of experience may be useful even if not indispensable in securing the type of professional man best fitted for the positions to be filled. The determination rests with the Commission, not with the courts. (*People ex rel. Moriarty* v. *Creelman*, 206 N. Y. 570; *People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *Matter of Grade Crossings* [*N. Y. C. R. R. Co.*], 255 N. Y. 320; *Matter of Niagara Falls Power Co.* v. *Water P. & C. Comm.*, 267 N. Y. 265.)

The order, in my opinion, should be modified so as to remit the matter to the Commission to make new regulations as to the weight to be given to the written examination

and to experience in accordance with the constitutional provisions and as to minimum qualifications for attorney applicants in accordance with the foregoing.

LOUGHRAN, RIPPEY and CONWAY, JJ., concur with LEWIS, J.; SEARS, J., dissents in part in opinion, in which LEHMAN, Ch. J., and FINCH, J., concur.

Ordered accordingly.