In the Matter of GEORGE F. CAMFIELD, Appellant, against CATHERINE MEALY et al., Constituting the Civil Service Commission of the City of Mechanicville, et al., Respondents.

Argued April 14, 1942; decided April 30, 1942.

150

*Patrick J. Keniry* for appellant.   Participation in the examination should be limited to the members of the police department. (*Matter of Cornehl* v. *Kern*, 260 App. Div. 35; 285 N. Y. 777; *Matter of Krapp* v. *Kern*, 260 App. Div. 778; *Matter of Peters* v. *Sisson*, 183 App. Div. 286; 224 N. Y. 554; *Town of Cortlandt* v. *Village of Peekskill*, 281 N. Y. 490; *Matter of Town of LaFayette*, 105 App. Div. 25; *Hardmann* v. *Bowen*, 39 N. Y. 196; *Matter of Ackerman* v. *Kern*, 281 N. Y. 87; *Matter of Poss* v. *Kern*, 263 App. Div. 320; *Ptacek* v. *People*, 194 Ill. 125.)   Respondent Foster was never legally appointed a member of the police department.   (Cons. Laws, ch. 7, § 15.)   Respondent Foster's tenure became illegal four months after he took office.   (Cons. Laws,

ch. 7, § 15; *Matter of Hilsenrad* v. *Miller,* 284 N. Y. 445; *Matter of Welling* v. *Bissell,* 171 Misc. Rep. 90.) Respondent Foster should not be permitted to participate in the examination. (*People ex rel. Hannan* v. *Board of Health,* 153 N. Y. 513; *Palmer* v. *Board of Education,* 276 N. Y. 222; *Peck* v. *Belknap,* 130 N. Y. 394; *People ex rel. Walton* v. *Hicks,* 173 App. Div. 338; 221 N. Y. 503; *Matter of Wolff* v. *Hudson,* 285 N. Y. 197; *Matter of Sheridan* v. *Kern,* 255 App. Div. 57; *Matter of Katz* v. *Goldwater,* 260 App. Div. 495; *Matter of Hilsenrad* v. *Miller,* 284 N. Y. 445; *Matter of Meenagh* v. *Dewey,* 286 N. Y. 292; *Matter of Social Investigator Eligibles Assn.* v. *Taylor,* 268 N. Y. 233; *People ex rel. Scott* v. *Reid,* 135 App. Div. 89.)

*James G. Heffernan* and *John F. Doyle* for respondents. Injunctive relief to bar Foster from the examination was properly denied. (*Matter of Carp,* 179 App. Div. 387; 221 N. Y. 643; *People ex rel. Pumpyansky* v. *Keating,* 168 N. Y. 390; *Matter of Moses* v. *Syracuse Board of Education,* 127 Misc. Rep. 477; 245 N. Y. 106; *Matter of Brooks Clothing of California, Ltd.,* v. *Flynn,* 232 App. Div. 346; *People ex rel. Graham* v. *Studwell,* 91 App. Div. 469; 179 N. Y. 520; *Matter of J. D. L. Corp.* v. *Bruckman,* 171 Misc. Rep. 3; *Matter of Birch* v. *Huie,* 169 Misc. Rep. 1011; 256 App. Div. 1057; *Matter of Bonacker* v. *Chuckrow,* 166 Misc. Rep. 171; *Matter of Walsh* v. *LaGuardia,* 269 N. Y. 437; *Matter of Haydorn* v. *Carroll,* 225 N. Y. 84; *Britton* v. *Scognamillo,* 238 N. Y. 375; *Bate* v. *McDowell,* 97 N. Y. 646.) The exercise of discretion by the Special Term in denying the application for an order under article 78 of the Civil Practice Act was proper. (*Frank* v. *Von Bayer,* 236 N. Y. 473; *Matter of Durr* v. *Paragon Trading Corp.,* 270 N. Y. 464; *Matter of Cowen* v. *Reavy,* 283 N. Y. 232.) The allowance of sixty per cent for training and experience is legal. (*Matter of Borodkin* v. *Kern,* 285 N. Y. 732; *Matter of Cowen* v. *Reavy,* 283 N. Y. 232; *Matter of Thomas* v. *Kern,* 280 N. Y. 236; *Matter of Fink* v. *Finegan,* 270 N. Y. 356.)

LEHMAN, Ch. J. The position of Chief of Police of the City of Mechanicville is in the competitive class. On March 1, 1940, the respondent, John Foster, received a provisional appointment to fill a vacancy in that position. In June, 1940, the Mayor of the

city, who is the " appointing officer," made a written request to the Civil Service Commission of the city for an open competitive examination to fill the vacancy, " stating the reasons why it is deemed impracticable to fill such vacancy by promotion." (Civil Service Law, § 16; Cons. Laws, ch. 7.) Notice of the request was posted in accordance with the statute. The Commission decided to grant the request and on April 9, 1941, more than thirteen months after John Foster's provisional appointment to fill the vacancy, it gave notice that a competitive examination would be held on April 19, 1941.

The notice, after specifying the qualifications which candidates must possess, stated:

" In addition candidates must have the following experience: four years of full time paid experience as a police officer in a recognized police department. Experience in ranks for the above patrolman will be accepted on the following basis:

" One year as a sergeant equals two years as a patrolman.

" One year as Chief of Police equals four years as a patrolman. * * *

" Written examination on the duties of the position will receive a relative weight of 4, training and experience, relative weight 6."

The Commission received applications to participate in the examination from only two persons, the respondent, John Foster, and the petitioner-appellant, George F. Camfield. Camfield promptly applied to the court, pursuant to the provisions of article 78 of the Civil Practice Act, for an order directing the Commission to confine the examination to " all police officers, now in the Mechanicville Police Department, who have served with fidelity in such department for more than six months and whose appointments as such police officers in said police department were made in accordance with the provisions of the Constitution of the State of New York, the Civil Service Laws of the State of New York, and the ' Rules and Regulations for the Civil Service of the City of Mechanicville, New York.' " The petitioner asked, also, that the Commission be directed to amend in other respects the specified qualifications of applicants for examination; to substitute " objective standards for rating applicants on a competitive basis in place of the announced sixty per cent credit for ' training and experience,' "

and to enjoin the respondent, John Foster, from participating in the examination. The petition was dismissed at Special Term and the Appellate Division affirmed the order of dismissal.

No determination by the Commission which does not transcend the limits of the discretionary powers vested in the Commission may be set aside by the courts. We agree with the courts below that the petitioner has failed to show that the decision of the Commission to fill the vacancy by open competitive examination is arbitrary or unlawful. Nor does it appear that the Commission has been arbitrary in its determination of the relative weight to be given to the written examination and to " training and experience." The question remains whether the determination and formulation of the qualifications of applicants is reasonable and lawful. That determination is, in our opinion, neither reasonable nor lawful if experience obtained in a police department of a city under an appointment or tenure which violates the law may constitute qualification for a position in the civil service.

A provisional appointment may be made in circumstances and in manner specified in subdivision 1 of section 15 of the Civil Service Law, to fill a vacancy in the competitive class " until a selection and appointment can be made after competitive examination, but such provisional appointment shall not continue for a longer period than four months, nor shall successive provisional appointments be made to the same position under this subdivision." Even if Foster's provisional appointment in March, 1940, was made in accordance with the provisions of the statute, his continuance of service in that position constituted a plain violation of the statute. No legal status as a member of the police force can result from violation of the law. (*Koso* v. *Greene*, 260 N. Y. 491; *Matter of Hilsenrad* v. *Miller*, 284 N. Y. 445.) Any formulation of qualifications for a position in the civil service which provides for credit or benefit based upon the disregard of the provisions of the Civil Service Law is contrary to public policy and is from its nature arbitrary and unlawful.

Perhaps the provision in the notice that an applicant must have " experience as police officer in a recognized police department " is ambiguous and might be construed as intended to include only experience as a police officer with legal status; the Commission

which formulated and must apply that provision placed other construction upon its own language. We are told in the brief of the Commission that " It is not required as a qualification for entrance into the examination that the applicant's status be that of a duly appointed police officer. The Commission requires experience, not legal status. A private police officer, such as a railroad policeman, could qualify. If the Commission had wished to limit acceptable experience to that gained under a legal appointment, it could have so worded the announced requirements. It did not do so."

We accept the construction of the Commission. To do otherwise would be to prolong the controversy and multiply applications to the courts. The experience of the respondent, John Foster, as an officer in the police department of Mechanicville may not be accepted as a qualification for examination and cannot entitle him to any credit. The petitioner appellant concededly has not had four years' experience as an officer in the police department of Mechanicville. No others have applied for examination. The notice of examination must be set aside.

The order of the Appellate Division and that of the Special Term should be reversed and the notice of examination vacated, with costs in all courts.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Orders reversed, etc.