In the Matter of WALLACE A. KROYER, Respondent, against J. EDWARD CONWAY et al., Constituting the Civil Service Commission of the State of New York, Appellants.

Third Department, November 15, 1944.

*Nathaniel L. Goldstein, Attorney-General; Orrin G. Judd, Solicitor General; John C. Crary, Jr.,* and *Alfred V. Thayer, Assistant Attorneys-General (John C. Crary, Jr.,* of counsel), for appellants.

*Henry K. Chapman (Wallace A. Kroyer* of counsel), attorney for respondent.

BREWSTER, J. Petitioner, a lawyer, entered the public service when appointed Assistant Counsel in the Department of Public Service (Transit Commission) on September 16, 1936, and was therein later reclassified to the rank of Senior Attorney, which position, on June 18, 1940, was changed from the exempt to the competitive class. He continued to hold this latter position until the Transit Commission was abolished in April, 1943, but he then served on with the State Public Service Commission until October 1, 1943, when, not having been certified by the chairman of the latter commission as being necessary to the functioning of that department, his name was entered upon the appropriate state civil service list " pursuant to the civil service law " and he then became " eligible for appointment " therefrom " pursuant to such law." (L. 1943, ch. 170, § 3 and ch. 238.)

For none of the positions just stated was petitioner obliged to nor did he take any civil service examination. His incumbency in such service alone brought about his present status as being on a preferred list from which he claims the right to be appointed to the position of Senior Attorney in the Department of Taxation and Finance. The appellants have ruled that he is not so entitled. The order appealed from annuls that determination and directs his certification for said appointment. We must recognize that petitioner is not entitled to the order appealed from unless the proofs show, and show clearly, that, pursuant to law, he is eligible for such appointment by virtue of his name's being on his present preferred list, because the relief sought herein is in the nature of mandamus.

The determinative test of eligibility is provided by statute, **viz.,** whether for the two positions which are to be compared,

the entrance requirements are identical or similar. If they are, then the preferred list, upon which only the relator's name now appears, *exists* as the one from which the appointment he seeks must be certified. (Civil Service Law, § 31.)

The proofs submitted uphold the affirmative of the question by showing that petitioner holds the grade of "Senior Attorney" in the professional group of the competitive class in the category of legal practice as classified under the Civil Service Law, and that therein his practice and experience were, as shown, in the State Department of Public Service (Metropolitan Division — Transit Commission) and for a few months in the State division of that Department of the State government. Upon these proofs petitioner rests his contention that, as a matter of law, appellants were precluded from determining, as they did, that the requirements for entry to the position of Senior Attorney in the Department of Taxation and Finance were not the same or similar to those for entry into the position he lost. The argument for this reduces down to the proposition that any position of the grade of "Senior Attorney" in the competitive class in the legal service of any State department, stamps the entrance requirements for such positions the same or similar. No claim is made or at least seriously advanced that either the particular kind of legal service petitioner performed for the Transit Commission or the kind of specialized legal knowledge requisite therefor, are the same or similar to that which is called for in the position he seeks. This proposition seems advanced upon the ground that any lawyer who has demonstrated the proficiency to have achieved such a grade has thereby conclusively shown a mastery of legal knowledge which adequately qualifies him to serve in that grade in any State department, and thus that the Civil Service Commission may not test him objectively as to his knowledge in any highly developed and specialized field of law, even though the position in question may call for the performance of legal services exclusively within such field; and thus, that one having attained the grade of "Senior Attorney" is conclusively presumed to possess all such requisite knowledge and to be adequately qualified to apply it and practice it whenever and wherever called upon by his superiors in any such department. As opposed to this the appellants urge that it was within their province to determine, as they have, that the decided difference in the subject matter of the specialized legal knowledge requisite for a Senior Attorney in the Department of Taxation and Finance, from that required

of such a one in the Department of Public Service (chiefly the Transit Commission) is such as to call for wholly different entrance requirements; and that under the statute and by the State Constitution they are mandated to apply the prescribed objective tests as to merit and fitness. It is my opinion that we may not correctly say, as a matter of law, that the latter thesis is without merit. The furthest I feel we may go is to recognize that the question presented as to difference in entrance requirements is a troublesome one and that it may be a close one, and presents a situation where there is room for a fair and reasonable '' difference of opinion among intelligent and conscientious officials.'' In such a case it has been authoritatively held that '' the action of the commission should stand, even though the courts may differ * * * as to the wisdom of the classification.'' (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92, 99.) Thus, since the action of the appellants has not been shown to have been palpably erroneous or illegal, it should not have been disturbed. The order should be reversed and the petition dismissed.

Hill, P. J. (dissenting). The Civil Service Commission of the State appeals from an order directing it to certify petitioner's name for the position of a Senior Attorney in the State Department of Taxation and Finance. For some years he has been an attorney serving with the Transit Commission, and later with the Public Service Commission of the State. When the statute under which the former existed was repealed, the position which he had held was abolished as of October 1, 1943. On the 22d day of that month appellant, the Civil Service Commission of the State, placed his name '' on a Preferred list for Senior Attorney.'' Four days thereafter he received a letter from the chairman of appellant, giving notice of an examination for the position of '' Senior Attorney (Taxation and Finance) Department of Taxation and Finance.'' He at once communicated that he was available for the position, and that an examination was unnecessary. The appointment was refused upon the ground that the work in the Department of Taxation and Finance required '' specialized tax practice ''; that the work which petitioner had formerly done required '' specialized public utility practice '', therefore that under section 31 of the Civil Service Law the positions did not correspond and petitioner was ineligible. Thereunder he was to remain on the preferred list until a job requiring specialized public utility practice was vacant or until the end of four years when he would be automatically dropped.

There is a school of thought that about the most dangerous counselor is one who believes himself so skilled in the field that recourse to the books and statutes is unnecessary before arriving at a conclusion. Opposed is the theory that one trained generally in legal lore and philosophy, and who with zeal and vigor approaches each problem as being undecided, arrives more often at a correct interpretation of a pronouncement contained in the precedents, or the legislative intent if a statute is involved.

Some appellate courts have before them, *inter alia,* matters of taxation and finance, those arising in the field of the public utilities and in Workmen's Compensation. The members of those courts are attorneys who have practiced in fields where issues of the kind mentioned are rare; professors or instructors in law schools, or office holders, who have had a limited practice of any kind. It has been stated, in substance, by a great lawyer and judge, that anything within the realm of human knowledge is grist for the judicial mill. The indicia of the courts, manned as mentioned, indicate an adaptation by a new incumbent to the field in a surprisingly brief period. In *Matter of Cowen* v. *Reavy* (283 N. Y. 232) the Court of Appeals on the main issue divided as nearly equally as possible (four to three) but each group held that an attorney was an attorney entitled to have recognition as such, whether he came to the Bar from a recognized law school or by some other method, so long as the way had been approved by the Court of Appeals.

Under the Civil Service Law (§ 31) appellants are required to appoint the respondent if the work in the legal branch of the Department of Taxation and Finance is substantially similar or corresponds to the work which he had earlier done in the Transit Commission. He is entitled to be placed and to be continued in service, always having in mind the force of seniority and the rule as to certification to a preferred list if a position is abolished.

The order of the Special Term should be affirmed, with fifty dollars costs.

HEFFERNAN and FOSTER, JJ., concur with BREWSTER, J.; HILL, P. J., dissents in an opinion in which BLISS, J., concurs.

Order reversed on the law and petition dismissed, without costs.