In the Matter of FRANK J. FITZGERALD and All Others Similarly Situated, Petitioners, against J. EDWARD CONWAY et al., Constituting the Civil Service Commission of the State of New York et al., Respondents.

Supreme Court, Special Term, Albany County, January 15, 1949.

*Samuel Resnicoff* for petitioners.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *Edward L. Ryan* of counsel), for respondents.

*Samuel Di Pasquale* for De Wain Feller and others, *amicus curiæ.*

ELSWORTH, J. This a proceeding under article 78 of the Civil Practice Act for an order canceling and annulling eligible lists for the positions of senior State veteran counselor and State veteran counselor in the Division of Veterans' Affairs, a new State agency. The examinations were held on May 10, 1947. The eligible lists for the positions were promulgated on or about March 1, 1948.

The petitioners are 38 employees of the Division of Veterans' Affairs. Since their original employment they have been, and still are, provisional and temporary employees with no right of tenure. Four are on the eligible list for senior State veteran

counselor and 35 are on the eligible list for State veteran counselor. Two of the petitioners passed both examinations.

One hundred fifty-one persons took the examination for senior State veteran counselor, of whom 94 passed the examination and are now on the eligible list. Six hundred sixty-three persons took the examination for State veteran counselor, of whom 448 passed the examination and are now on the eligible list.

The petition sets forth eight unrelated, but not separately stated, grounds upon which relief is sought. They are as follows:

(1) The commission did not prepare the questions used in the examination as required by law but delegated its authority by using one David E. Hetzel, who was not in the official service of the State or any of its civil divisions, to prepare some of the questions instead of using persons in such official service.

(2) The relative weight of 40% assigned for the written examination and 60% for training and experience violated the principle of competitive examination, and the rating of 60% for training and experience defeated the purpose of a competitive examination.

(3) Many of the questions did not pertain to the duties of the position.

(4) Neither the written examination nor training and experience could properly disclose the traits specified by the notices of examinations as constituting part of the minimum qualifications of candidates, and that such characteristics could only be ascertained and determined by an oral examination and interview, which was not done.

(5) The commission's action, in permitting applicants to participate in the examination for senior counselor who had no prior counselor experience, such as that enjoyed by petitioners, was in violation of law to the detriment and prejudice of petitioners.

(6) The holding of an open competitive examination for the position of senior counselor instead of promotional examination was contrary to the State Constitution and the Civil Service Law.

(7) Silas S. Dann, Jr., who participated in the examinations, did previously prepare five questions which appeared in the examination for State veteran counselor.

(8) That divers persons who participated in both examinations had knowledge of the questions which were used, and the elimination of such persons with prior knowledge from the eligible lists would advance the positions of petitioners on the lists.

To the first six of these grounds the respondent State Civil Service Commission, by its answer, has raised issues of law and to the last two, issues of fact.

The issues of law:

(Ground 1) In delegating to David E. Hetzel the preparation of certain questions, some of which were used upon the examinations, the commission did not act improperly or illegally. The Division of Veterans' Affairs, as above stated, is a new State agency. The work it had taken over was formerly carried on by the United States Veterans' Administration. Hetzel was an employee of that Federal agency. The field of the examinations in question was a new and unexplored one, at least insofar as the State Civil Service Commission was concerned. Therefore, its action in providing itself with the services of a person such as Hetzel with special knowledge in that field would seem to merit approval rather than condemnation. In *People ex rel. Caridi* v. *Creelman* (150 App. Div. 746, 748), this very practice was approved as "manifestly proper". No charge is made that Hetzel divulged or disseminated any information relative to the questions he prepared. Concededly there is no express statutory inhibition against the commission's action, nor is such an inhibition found to exist by implication under the provisions of either section 4 or section 14 of the Civil Service Law as asserted by the petitioners. The commission clearly availed itself of Hetzel's services in good faith and the rights of no participant in the examinations appear to have been prejudiced thereby. No sound reason is found to exist for disturbing its action upon the ground here raised.

(Ground 2) The assignment of the relative weight of 40% for written examination and 60% for training and experience was within the discretionary powers of the commission (*Matter of Camfield* v. *Mealy*, 288 N. Y. 149). The notice of examination under review in that case specified that the examination on the duties of the position would receive a relative weight of 4 and training and experience a relative weight of 6. In approving the same, the court said (p. 153): "No determination by the Commission which does not transcend the limits of the discretionary powers vested in the Commission may be set aside by the courts. * * * Nor does it appear that the Commission has been arbitrary in its determination of the relative weight to be given to the written examination and to ' training and experience.' "

Here, as in the *Camfield* case (*supra*), the existing facts give no justification for a conclusion of arbitrary action on the com-

mission's part. The case of *Matter of Cowen* v. *Reavy* (283 N. Y. 232), cited by the petitioners in support of their position, is clearly distinguishable in that the requirement of "general qualifications" was coupled with that of training and experience in the notice of examination there under consideration and the three given a weight of 60%.

(Grounds 3 and 4) The action of the commission challenged under these two grounds was purely discretionary in nature. Since no basis appears for drawing the conclusion that the commission acted capriciously, arbitrarily or unreasonably, its action cannot be disturbed here. Civil service commissions, as well as other administrative bodies, are not to be interfered with by the courts in the proper exercise of their discretion. (*Matter of Sheridan* v. *Kern*, 255 App. Div. 57.)

(Ground 5) No duty rested with the commission to limit the examination for senior counselor to applicants with prior counselor experience. The determination and formulation of the qualifications of the applicants rested with the commission and should not be disturbed if reasonable and lawful (*Matter of Camfield* v. *Mealy, supra,* p. 153). The complaining petitioners were solely provisional appointees. As such they had acquired no rights to any future preference. In fact, if the commission had limited the senior counselor examination as the petitioners upon this ground assert it should have done, question might well have arisen as to whether such action would not have been violative of the constitutional provision requiring that civil service examinations "as far as practicable, shall be competitive" (N. Y. Const., art. V. § 6). The procedure of preference here sought to be invoked in petitioners' behalf was condemned in *Matter of Sheridan* v. *Kern* (*supra,* p. 60), as "a 'freezing' into permanent position of those who obtain temporary employment and does violence to the merit principle." In that case the court said further (p. 63): "Any method which results in improperly placing in permanent positions those who obtain temporary employment is a reversion to the rightly condemned spoils system and is destructive of much that has been accomplished in the way of civil service reform. Where such procedure is sanctioned by an administrative body, it presents a clear case of abuse of discretion which the courts are in duty bound to correct."

(Ground 6) The petitioners' contention that the commission erred in holding an open competitive examination for senior counselor instead of a promotional examination is not well founded. As long as it acts in good faith and not arbitrarily, the

courts will not interfere with the judgment and discretion of the Civil Service Commission in holding an open rather than a promotional examination. (*Matter of Kinnerney* v. *Hornell Civil Service Comm.*, 262 App. Div. 39; see, also, *Matter of Krapp* v. *Kern,* 260 App. Div. 778.) In the situation here presented, however, the commission had no choice but to hold an open examination for senior veteran counselor. The positions of both veteran counselor and senior veteran counselor were new positions in a new agency, the Division of Veterans' Affairs. There were no eligible lists because all employees were temporary and provisional. None of the petitioners, or anybody else, had served in the counselor grade on a permanent basis for any period of time. Therefore, being solely temporary or provisional employees, the petitioners as such had no possible claim to promotional status. (*Koso* v. *Greene,* 260 N. Y. 491; *Matter of Sheridan* v. *Kern, supra.*)

The issues of fact: (Grounds 7 and 8) As hereinbefore stated, the petitioners under " Ground 7 " complain of the participation in the examinations of Silas S. Dann, Jr., who allegedly prepared five questions for the State veteran counselor examination. It appears to be the fact that said Dann participated solely in the senior State veteran counselor examination and that his name is last (No. 94) on the eligible list thereof. For said senior State veteran counselor examination he prepared no questions. Thus, if he did prepare five questions — which is not admitted by respondents — it was for an examination in which he did not participate. Assuming the preparation of such questions by Dann, the exercise of sounder judgment both on his part and of those in charge of the examinations would seem to have dictated his nonparticipation in either examination. The error, however, was one of judgment and appears not to have in any way affected the rights of others taking the examinations. Dann's position of last on the senior State veteran counselor eligible list would appear to make any chance of his appointment very remote and quite improbable. If he did, however, prepare the five questions, the continuance of his name upon the list and his eligibility for appointment. should that occasion arise, are matters to which the commission may feel it should give its consideration.

The issue sought to be created by the petitioners under " Ground 8 " is that persons who participated in both examinations had prior knowledge of the questions to be used and this worked a prejudice upon them. This is a serious charge. If established, it would unquestionably call for a voiding of the

examinations and the eligible lists resulting therefrom. It is the kind of charge which when made lightly or recklessly merits no consideration. In order to call the court into action, it is a charge that must factually be shown to be founded in substance. The applicable rule is clearly stated in *Balter* v. *Cohen* (50 N. Y. S. 2d 526, 529) wherein the court, referring to a proceeding under article 78 of the Civil Practice Act, said: '' the petition falls far short of the standard required for the relief sought. Allegations of fraud and irregularities must be definite and substantial, and mere charges, unsupported or even supported, by meagre proof will not suffice.'' Here an examination of the petition and its sole supporting affidavit discloses no allegations or proof in support of the charge, except the two following paragraphs of the petition, one of which is even made upon information and belief:

'' 20. That upon information and belief, divers persons who participated in both examinations, had previous knowledge of the questions which were used.

'' 24. That some of the persons who are on the eligible lists had prior knowledge of the examination questions to the prejudice and detriment of your petitioners.''

Upon these meagre and wholly unsupported allegations the only possible determination this court can make is that the petitioners have failed to show the existence of a triable issue calling for the issuance of an alternative order.

For the reasons herein expressed, the petition is found without merit and the proceeding dismissed, without costs.

The determination herein reached makes it unnecessary for the court to pass on the affirmative defenses raised in the respondents' answer.

Respondents' motion to vacate the stay contained in the order to show cause herein, is granted.

Submit order.