In the Matter of FRED TITUS, Petitioner, against DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al., Respondents.

Supreme Court, Special Term, Albany County, December 21, 1950.

*Frank & Frank* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (John R. Davison* of counsel), for respondents.

TAYLOR, J. This is an application pursuant to article 78 of the Civil Practice Act to void a determination of the Department of State of the State of New York, Division of Licenses, which denied the petitioner's application for a license as a real estate broker, and to direct it to accept such application.

The respondents have moved under section 1293 of the Civil Practice Act for an order dismissing the petition on the ground that it is insufficient in point of law in that it does not state facts sufficient to entitle petitioner to the relief demanded, its allegations are conclusory and not factual as to allegations of caprice and it shows noncompliance with the statute on its face by the petitioner and action by the respondents in accordance with their statutory duties. On that motion the facts alleged in the petition are deemed to be admitted. (*Matter of Hines* v. *State Bd. of Parole,* 293 N. Y. 254.) There is sufficiently presented by the allegations of the petition the question whether the adverse determination by the respondent, Department of State, was unreasonable, capricious or arbitrary to require a determination of the controversy on the merits. (*Matter of Camfield* v. *Mealy,* 288 N. Y. 149.)

Paragraph (d) of subdivision 1 of section 441 of the Real Property Law defines the experience requirements which an applicant to be licensed must have had in these words: " In determining competency, the department shall require proof * * * that he has actively participated in the general real estate brokerage business as a licensed real estate salesman under the supervision of a licensed real estate broker for a period of not less than one year, or that he has had the equivalent experience in general real estate business for a period

of at least two years, the nature of which experience shall be established by affidavit duly sworn to under oath and/or other and further proof required by the department of state.''

With the obvious design of eliciting information from applicants to enable it to determine the sufficiency of their experience for the period prescribed by the statute, the department has adopted certain testing standards entitled: '' Instructions to Applicants for Real Estate Brokers' Licenses '' which, in part, were as follows: '' The applicant must set forth the following in his affidavit of experience: a) length of time applicant has been in the general real estate business, the specific period or periods being mentioned; the place where applicant has conducted business, and whether for himself or as a member of a firm or partnership or as an officer of a corporation or as an employee, b) the date and nature of each transaction engaged in by applicant (state whether purchase, sale, lease, mortgage loan, rent collections, etc.), the address and type of property involved (for example — 1000 East 10th Street, New York City, a 50 family apartment house with 10 stores or 1000 West 10th Street, New York City, a 10 loft business building, etc.), a description of applicant's activity in each transaction and his connection with such transaction, stating on whose behalf such work was performed and if on behalf of a firm or corporation, his status therein; c) such other and further experience in real estate matters or such further information which the applicant deems relevent to the question of his eligibility. It is suggested that the applicant include a sufficient number of transactions to indicate that he has had at least two years experience in the general real estate business.''

Attached to the petitioner's application blank were submitted affidavits of one Benjinsohn from which it appears that the applicant was associated in the office of his late father, Samuel Benjinsohn, a real estate broker with offices located at No. 170 Broadway, in the city, county and State of New York, as a real estate broker during the years of 1919, 1920 and 1921, during which time the applicant was considered '' capable of negotiating any and all real estate transactions assigned to him.'' It appeared further from that affidavit that the books of account and records of transactions having to do with that real estate brokerage business are not now in existence. The applicant also submitted at the same time the affidavit of Robert W. Doughty, an attorney and counselor at law, duly admitted to practice in this State since 1900 in which he stated that he had acted as attorney '' in a great many transactions for the real estate firm

of Webb and Brinckerhoff," located in the city of Beacon, New York, which firm is no longer in existence, and that he recalled that the applicant " was engaged in the general real estate business as an agent in the aforesaid firm of Webb and Brinckerhoff, during the years of 1914, 1916 and for a portion of 1917."

The applicant set forth in his affidavit which was also submitted upon his application that he had been employed by Webb and Brinckerhoff, in which employment he performed the duties usually and generally performed by a real estate salesman, and that about 1919 he went to work in the office of Samuel Benjinsohn in the city of New York in the capacity of an associate broker, his assignments being the collection of rents and the negotiation of mortgages, leases and sales. The petitioner concedes that he is unable to comply with clause b of subdivision 1 of the instructions hereinbefore referred to because of memory failure.

The department has rejected his application on the ground that " Investigation of your affidavit of experience shows you are not qualified to apply for a real estate broker's license * * * ." The return asserts that the application was rejected " because, although he was a man only 54 years of age, he was unable to substantiate in any particular his assertion that he ' collected rents, arranged for mortgages, leases, did abstracting work and negotiated sales of assembled plots and other properties.' "

The Legislature has confided to the Department of State discretion to determine the competency of an applicant to transact the business of a real estate broker in a manner to safeguard the public (*Roman* v. *Lobe*, 243 N. Y. 51, 54, 55) and in determining that competency where the applicant has not been a licensed real estate salesman, it must require proof of experience in the general real estate business for a period of at least two years. (§ 441, *supra*.) Experiential standards were adopted by the administrative agency as a means of testing the competency of applicants for a real estate broker's license under the discretionary power delegated to it by the Legislature. It is not clearly shown, as is required, that the adopted standards were so lacking in reason for their promulgation that they were essentially arbitrary and consequently invalid or that the action of the department in formulating the standards was arbitrary, capricious or unreasonable. Mere difficulty or inability by a given applicant to comply with the established standards — which is the most that is asserted here — where

there is no claim that they were not of general application is insufficient to establish unreasonableness, caprice or arbitrariness. (*Matter of Marburg* v. *Cole*, 286 N. Y. 202, 213; *Matter of Cowen* v. *Reavy*, 283 N. Y. 232, 237; *Matter of Levi* v. *Regents of Univ. of State of N. Y.*, 256 App. Div. 444, affd. 281 N. Y. 627; *People* v. *Beakes Dairy Co.*, 222 N. Y. 416, 429, 430.)

The petition is therefore dismissed on the merits, without costs.

Submit order accordingly.