In the Matter of CATHERINE MARTIN, Petitioner, against J. EDWARD CONWAY et al., Constituting the Civil Service Commission of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, March 9, 1951.

*Bennett E. Aron* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Herman N. Harcourt* and *Raymond B. Madden* of counsel), for respondents.

*John T. De Graff* and *John J. Kelly, Jr.,* for The Civil Service Employees Association, Inc., *amicus curiæ.*

TAYLOR, J.   This is an application under article 78 of the Civil Practice Act in the nature of mandamus for an order directing the respondents, constituting the New York State Civil Service Commission, to hold a promotional examination for the position of assistant unemployment insurance claims examiner and restraining them from holding an open competitive examination for that position.   The right of the petitioner to the latter relief has been determined adversely to her and the examination has been held.   It was, however, stipulated by the parties that no eligible list would be established or certified as a result thereof until the determination of this proceeding to which the Civil Service Employees Association, Inc., has been admitted *amicus curiæ.*

The petitioner asserts that in arriving at its determination to hold a competitive examination with eligibility open to all persons, the commission has acted arbitrarily, capriciously, unreasonably and illegally in that the commission knew that more than one hundred vacancies in the position in which the examination was held existed to which no less than three persons, including the petitioner, were eligible since they were serving in the next lower rank or grade, in that a careful study and investigation of the whole subject matter was not made before arriving at its conclusion which was not in the best interests of the civil service, not made in good faith in an effort to secure the best and most qualified persons to fill the vacancies and in that the constitutional and statutory rights of the petitioner have been violated by the commission's action.

It is the declared policy of this State that merit and fitness to be ascertained as far as practicable by competitive examination shall be determinative ·in making appointments and promotions in its civil service and as far as practicable that vacancies in positions in the competitive class thereof shall be filled by promotion from among persons holding positions in a lower grade in the department in which the vacancy exists. (N. Y. Const., art. V, § 6; Civil Service Law, § 16; *Matter of Cornehl* v. *Kern,* 260 App. Div. 35, affd. 285 N. Y. 777.)   The determina-

tion as to when it is practicable to fill vacancies in the service by promotion through an examination restricted to persons holding positions in a lower grade in the department in which the vacancy exists instead of by competitive examination with eligibility open to all persons has been confided by the Legislature to the Civil Service Commission which acts in a legislative and not a judicial capacity and in the absence of a clear showing that its determination was corrupt, arbitrary or illegal, the court will not interfere with the judgment and discretion which it has exercised. (*Matter of Fitzgerald* v. *Conway,* 195 Misc. 397, affd. 275 App. Div. 205; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *Matter of Simons* v. *McGuire,* 204 N. Y. 253; *People ex rel. Moriarty* v. *Creelman,* 206 N. Y. 570; *Matter of Cowen* v. *Reavy,* 283 N. Y. 232; *Matter of Meenagh* v. *Dewey,* 286 N. Y. 292; *Matter of Camfield* v. *Mealy,* 288 N. Y. 149; *Matter of Kinnerney* v. *Hornell Civ. Service Comm.,* 262 App. Div. 39, affd. 287 N. Y. 599.) It is not enough to argue or prove that a promotional examination would have been preferable or more desirable or that a court would have come to a different conclusion. (*Matter of Bd. of Educ. of Union Free School Dist. No. 1,* v. *Spaulding,* 277 App. Div. 809.) Only an abuse of the power which rests with the commission will invite judicial interference. (*Matter of Feeney* v. *Village of Bronxville,* 185 Misc. 1, affd. 269 App. Div. 1040, affd. 295 N. Y. 904.)

At most, the petitioner presents an argument that a promotional instead of an open competitive examination would have been preferable and more practicable. Two legally available methods of examination were open to the commission. Its choice of one over the other will not invite judicial interference upon a showing which amounts only to a difference of opinion as to which method was more practicable. Only corruptness, arbitrariness, caprice, unreasonableness, discrimination or palpable illegality in the exercise of the delegated functions of the administrative body will move the court.

No triable issue is presented which would require the issuance of an alternative order of mandamus.

The petition is dismissed, without costs.

Submit order.