Bertram Harnett, J.
After placing first on an open competitive examination for the position of Fire Inspector for the City of Long Beach, Benjamin Brass, the petitioner, was appointed to that position, effective February 24, 1966. He remained in it until the Civil Service Commission of the City *141 of Long Beach, asserting he lacked one of the minimum qualifications for the permanent position, reclassified him to Provisional Fire Inspector on June 7, 1966. Later, the Long Beach Civil Service Commission revised its minimum qualifications and held another examination for Fire Inspector on November 16, 1968. Mr. Brass then brought this petition for a direction to the Civil Service Commission to make his appointment as Fire Inspector permanent. After submission of his petition, the second examination was graded, and Mr. Brass was once again ranked first. However, no further appointment or reclassification has been made.
When Mr. Brass first took the open competitive examination for Fire Inspector, the minimum qualifications were stated to be:
“ Graduation from a standard high school, and “ (a) Three years of experience in building construction work; or
“ (b) Three years of experience as a fireman with regular duties involving fire inspection; or
“ (c) Any equivalent combination of training and experience sufficient to indicate ability to do the work. ’ ’
Mr. Brass met the alternate requirement of subparagraphs (a), (b) and (c), but could not produce a diploma from a high school. It appears he had some years of schooling in a secondary school for adults, then operated by the Consolidated Edison Company for its employees. Since it is clear that the “ graduation from a standard high school ” was mandatory along with a work experience compliance with any one of subparagraphs (a), (b) or (c), Mr. Brass technically did not qualify.
For the second examination, however, the requirements were amended to provide any combination of training and experience sufficient to indicate the ability to do the work as an acceptable alternative to separate requirements of graduation from a standard high school and then pertinent work experience.
The court finds that, in the context of the position involved here, the old requirement that a candidate for the position of Fire Inspector be “a graduate of a standard high school” was unreasonable and should be stricken (see Matter of Cowen v. Reavy, 283 N. Y. 232; cf. Matter of Murray v. McNamara, 303 N. Y. 140). The commission’s very action in revising the qualifications for its own second examination shows the proper re-evaluation of the implicit considerations.
The only justification for ‘ ‘ graduation ’ ’ from a ‘ ‘ standard ’ ’ high school, whatever that is, can be an assurance of the necessary academic attainments to do the reading and writing required for the job. Mr. Brass’ academic accomplishment is *142 plainly attested by the fact that he placed first on the competitive examination when he first took it in 1.966, and again in November of 1968.
Mr. Brass has had three years in the actual jo'b. It is undisputed that he has performed his duties satisfactorily. He has twice placed first on competitive examinations for the position. He has had high school training. He clearly possesses the experience, training and academic ability to do the work as his performance indicates. Under the circumstances of this case, a continued refusal to make' a permanent appointment of Mr. Brass is inconsistent with the concept of appointment according to merit and fitness, which is basic to the civil service (see N. Y. Const., art. V, § 6). Accordingly, this court directs that the Long Beach Civil Service Commission make the petitioner permanent in his position of Fire Inspector, effective February 24, 1966.