In the Matter of the Application of JAMES W. FOGARTY, Petitioner, Respondent, for Himself and All Other Candidates to the Position of Assistant Supervisor, Grade 2, Who Took the Examination Held on June 25, 1938, Except Those Candidates Employed by the Emergency Relief Bureau of the City of New York for a Period of Not Less than Three Months between July 1, 1936, and December 31, 1937, for an Order Pursuant to the Provisions of Article 78 of the Civil Practice Act, against PAUL J. KERN, President, and Others, as the Municipal Civil Service Commission of the City of New York, and WILLIAM HODSON, as Commissioner of the Department of Welfare of the City of New York, Appellants.

First Department, May 17, 1940.

*Stanley Buchsbaum* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the appellants.

*W. Lawrence Darrow* of counsel [*William H. Darrow* with him on the brief], for the respondent.

GLENNON, J. The municipal civil service commission having regraded the experience ratings of candidates by allowing the increased credit for experience with all public agencies, Federal, State or municipal, there remains only the question whether greater credit for such experience than for experience with private agencies may properly be allowed.

The commission shows by affidavit that, for a variety of reasons, experience with public agencies is more closely related to the work of supervisors, grade 2, in the department of welfare and will be more valuable than experience with private agencies. Since the action of the commission is justified by these rational considerations concerning the relative value of such previous experience the courts ought not to interfere. (*Matter of Thomas* v. *Kern*, 280 N. Y. 236.)

The order should be reversed, with twenty dollars costs and disbursements, and the petition dismissed.

O'MALLEY and UNTERMYER, JJ., concur; MARTIN, P. J., and DORE, J., dissent and vote to affirm.

DORE, J. (dissenting). In *Matter of O'Callaghan* v. *Finegan* (166 Misc. 556; affd., 276 N. Y. 587 [decided December, 1937]), an act of the Legislature providing that in grading examinations a higher rating should be given for experience in the administration of home relief gained as an employee in an equivalent position in a public welfare department or the emergency relief bureau than for experience gained in any other department or agency, public or private (Public Welfare Law, § 3-k), was held unconstitutional and void and the civil service commission was directed to refrain from giving a higher rating for experience obtained in the emergency relief bureau of the department of public welfare. In *Matter of Sheridan* v. *Kern* (255 App. Div. 57 [June, 1938]) this court held that employees of the emergency relief bureau may not receive in an open competitive examination " any higher rating for experience than that accorded to those with experience gained in agencies outside the department," and that a contrary interpretation would make the Hendel Act (Laws of 1931, chap. 798, § 19, as amd. by Laws of 1936, chap. 822) unconstitutional. We there said:

" While we realize that the determination of the fitness and qualification of candidates is committed by law to the municipal civil service commission, palpably unjust and discriminatory standards of determining the fitness of candidates may not be tolerated.

" Any method which results in improperly placing in permanent positions those who obtain temporary employment is a reversion to the rightly condemned spoils system and is destructive of much that has been accomplished in the way of civil service reform."

The subject-matter of credit given to emergency relief workers is again presented by this appeal although with lesser credit involved. Petitioner alleges and the answer admits that the municipal civil service commission, in grading the experience ratings of applicants in the open competitive examination for the position of assistant supervisor, grade 2, home relief division, department of public welfare, originally gave higher credits for experience in the emergency relief bureau than for experience with other agencies, public or private. The answer alleges that such higher rating only to former emergency relief bureau employees was made " through inadvertence and error on the part of the Municipal Civil Service Commission," and states that the error was rectified by giving a higher

credit for experience with all public agencies, Federal, State and municipal, than for experience with private agencies.

Experience as a social investigator in a public agency receives two points, whereas such experience in a private agency only one; experience as assistant supervisor in a public agency receives three points, in a private agency only two.

In the *O'Callaghan* case (*supra*) it was expressly held that experience acquired by emergency relief bureau employees while on provisional appointments should not receive a higher valuation than experience possessed by other candidates in like fields outside of the civil service. We think the court below correctly held that there is no fundamental difference between what is now being done and what was prevented from being done by this court in the *Sheridan* case; and that the belated effort to right an admitted wrong but still adhere to the preference given by including in form persons who may have worked for other public bureaus may not prevail.

The result in fact is the same as that previously condemned by the court, as the credit will, in effect and in practice, be granted only to emergency relief bureau employees.

The commissioner in his affidavit submitted herein refrains from specifying what other public welfare agencies are actually involved, although he refers generally to " all public welfare and relief agencies, whether Federal, New York State or other State, Municipal or other public agencies." Practically all claiming public welfare experience will be from the emergency relief bureau, so that while in form the credit is given to all public agencies, in fact the denounced preference to the emergency relief bureau employees is continued.

While the commission does not afford any list of the public agencies involved, the petitioner has furnished a list from the Social Work Yearbook, Part II, published by the Russell Sage Foundation in 1937. Under the heading "New York — State Public Welfare Relief Agencies" there are listed the State Rural Rehabilitation Corporation, the Department of Correction, State Board of Housing and Division of State Planning. Can it reasonably be said that two years' experience as a social investigator with any of these agencies is worth twice as much as the same amount of experience with, for example, the Charity Organization Society or any other well-known private charitable organization in New York city? Under the heading "National Agencies", there are listed the Federal Emergency Administration of Public Works (P.W.A.), the Federal Home Loan Board, and the Indian Office. Can it reasonably be said that two years' experience in

the Public Works Administration, no matter where acquired in any part of the United States, or two years' experience in the Federal Indian Office, let us say on a reservation in Wyoming or Montana, is rationally to be rated twice as high as a similar two years with any private charitable agency in the metropolitan district?

Among the reasons given for favoring public as against private agencies are the claims that the primary purpose of private welfare agencies is the rehabilitation of families and individuals, while the public agency's job is immediate relief; that social workers in private agencies handle each individual case according to the need of the case and are not concerned with the problem of following a set policy that must be uniform for all relief recipients. But surely experience involving the rehabilitation of families and dealing with each case according to its need is much more valuable in developing common sense, judgment, reasoning ability and intelligence than the experience that is merely concerned " with the problem of following a set policy that must be uniform for all relief recipients."

We think the reasons given to justify the distinction are obviously not based on rational considerations concerning the relative value of the previous experience but are palpably unjust, unfair and discriminatory, and in view of the history of this litigation, the form in which the discrimination is now claimed to be justified is a further effort, as we said in the *Sheridan* case, " to accomplish indirectly a result which has been prohibited by our highest court."

The order appealed from should in all respects be affirmed, with costs.

MARTIN, P. J., concurs.

Order reversed, with twenty dollars costs and disbursements, and the petition dismissed.