In the Matter of DENNIS F. SULLIVAN et al., Respondents, against OSCAR M. TAYLOR et al., Constituting the Civil Service Commission of the State of New York, Appellants.

First Department, April 26, 1955.

*Daniel M. Cohen* of counsel (*Henry S. Manley* with him on the brief; *Jacob K. Javits, Attorney-General,* attorney), for appellants.

*Morris Shapiro* of counsel (*Murray Sendler* with him on the brief; *Edward M. Edenbaum,* attorney), for respondents.

*Per Curiam.* In announcing an examination for promotion to the position of Assistant Special Deputy Clerk, Supreme Court, First Department, the State Civil Service Commission stated that .30 credits were to be given for each year of permanent competitive "County Service". After petitioners had taken the examination the commission revised this allowance for seniority so that credit was limited to permanent competitive service "in the Supreme Court, First Department" (the State jurisdiction for which the promotion examination had been given). Special Term abrogated this change and directed the commission to grant petitioners credits according to the original announcement — which would involve a revision of the eligible list that has since been promulgated by the commission.

The practice of the commission is to grant seniority on a promotion examination only for prior service in the same governmental jurisdiction in which the promotion is sought. In fixing standards for a promotion examination in the Supreme Court, First Department, the commission had the power, in the first instance, to grant seniority credit only for service that had been rendered in that court. In fact, that particular service was an appropriate area for allowance of seniority credit (*Matter of Eagan* v. *Livoti,* 287 N. Y. 464, 470).

Manifest inequities would have resulted from the allowance of seniority credits on the basis originally announced. The commission has the power, under the circumstances disclosed by this petition, to take action to correct such inequities or errors (*Matter of Brady* v. *Finegan,* 269 N. Y. 571). It is evident that it did not act with knowledge of the identities of the candidates. In the exercise of its broad discretionary power to fix standards governing the grading of candidates for positions in the competitive civil service (*Matter of Fitzgerald* v. *Conway,* 275 App. Div. 205, 209–210, motion for leave to appeal denied 299 N. Y. 798; *Matter of Loud* v. *Ordway,* 219 N. Y. 451, 457) it cannot be said that the commission acted arbitrarily or illegally (*Matter of Camfield* v. *Mealy,* 288 N. Y. 149, 153; *Matter of Bridgman* v. *Kern,* 257 App. Div. 420, 442, 444, affd. 282 N. Y. 375).

The order appealed from should be reversed and the petition dismissed.

CALLAHAN, J. P., BREITEL, BASTOW, BOTEIN and RABIN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, and the petition dismissed.