Harry B. Frank, J.
In this article 78 proceeding, petitioner seeks to annul a notice of examination for the position of Youth Parole Supervisor, the examination held pursuant thereto, the promotion list promulgated, a direction for a new examination, and the holding of petitioner eligible thereto.
Petitioner is employed as a Senior Youth Parole Worker in the Department of Social Services, Home Service Bureau, a position in the competitive civil service of the State of New York.
Petitioner, possessed of a B. A. degree and having completed two years of graduate study in social work, in July, 1960, became a temporary employee of the Department of Social Services, performing the duties of “ youth worker ” in its Home Service Bureau.
Petitioner alleges that when he was first employed, he was interviewed by the Director of the Home Service Bureau, who “informed” petitioner that by virtue of his two years of graduate study in social work he was qualified for promotion examinations for advancement to higher positions in the Department of Social Welfare, Home Service Bureau, including that of director.
When petitioner was appointed to the position of Youth Parole Worker in 1960, the prescribed prerequisite for the higher position of Youth Parole Supervisor was that the candidate for this position have completed satisfactorily by August 31, 1960, “ two full years of graduate study in a recognized school of social work, preferably with a Master’s Degree. ’ ’
In 1963, petitioner, after successfully competing in a State civil service examination, was promoted to his present position of Senior Youth Parole Worker. At that time the educational prerequisite for the position of Youth Parole Supervisor consisted of “completion of two years of graduate study at a recognized school of .social work.”
On April 14, 1967, the State Department of Civil Service issued an announcement for a competitive promotion examination for the position of Youth Parole Supervisor, G--21. From the face of such announcement, it appears that in order to take such test for Youth Parole Supervisor, the candidate was required to have one year of permanent competitive service as a Senior Youth Parole Worker and, in addition, such candidate was also required to possess a Master’s degree from an approved school of social work.
Petitioner filed an application to participate in said examination, but it was disapproved on May 29, 1967, by the State Department of Civil Service, for failure to possess the required *655 Master’s degree. The requirement of a Master’s degree for promotion to the position of Youth Parole .Supervisor in the State Civil Service was established by the State Civil Service Department in December, 1964, after consultation with appropriate officials of the State Department of Social Services.
Petitioner argues that he has the right to participate in the promotion examination held, on the basis of the prerequisites in effect when he entered the permanent employ of the respondent Department of Social Welfare.
Under subdivision 1 of section 50 of the Civil Service Law only the State Department of Civil Service has the authority and duty to prepare and rate competitive examinations, whether for original appointment or for promotion in the State Civil Service, such as the promotional examination for Youth Parole Supervisor, and setting forth the required minimum qualifications.
The State Department of Civil Service has wide discretion in fixing minimum requirements for admission to examinations and, in the absence of bad faith, corrupt or illegal action, or action erroneous in law, it should not be interfered with (N. Y. Const., art. V, § 6; Civil Service Law, §§ 44, 52; Matter of O’Brien v. Land, 18 A D 2d 140, 145, affd. 13 N Y 2d 688, cert. den. 375 U. S. 905).
Only those who met the minimum educational requirements formulated by the State Civil Service Department were eligible to take the promotion examination for the position of Youth Parole Supervisor, and petitioner did not possess the necessary qualification.
It is a rule of universal application that any formulation of qualifications for a position in the civil service that provides for profit or benefit based upon a disregard of the provisions of the Civil Service Law is “contrary to public policy ” and is from its nature arbitrary and unlawful (Matter of Camfield v. Mealey, 288 N. Y. 149).
Consequently the alleged unauthorized attempt in 1960 by a Director of the Home Service Bureau, in the employ of the State Department of Social Services, the appointing authority, to declare in advance that petitioner was eligible on his then present educational attainment to take promotional civil service competitive examinations in the unspecified, uncertain and unscheduled distant future, for advancement, or higher position in the State Department of Social Services, Home Service Bureau, solely by virtue of petitioner’s two years of graduate study in social work, is constitutionally invalid as contravening the section 6 of article Y of the New York State Constitution, *656 since there must be recourse to the tests and standards by existing laws and under the exclusive jurisdiction of the State Department of Civil Service which alone is empowered to establish the minimum qualifications and eligibility of the candidates for such tests (Matter of Wirzberger v. Watson, 305 N. Y. 507; Matter of Sheridan v. Kern, 255 App. Div. 57, 59; Matter of Fogarty v. Kern, 259 App. Div. 524).
The claim and contention of petitioner that he had the right to participate in the promotion examination on the basis of the minimum educational prerequisites in effect when he entered into permanent employ in 1960 cannot be sustained (see Colasurdo v. Stanley, 28 A D 2d 959). The application is denied and petition dismissed.