## (October 14, 1971)

■ CARIBBEAN ATLANTIC AIRLINES, INC., Respondent, v. ROLLS-ROYCE LIMITED et al., Defendants, and GENERAL DYNAMICS CORP., Appellant.— Order, Supreme Court, New York County, entered on May 12, 1971, denying defendant General Dynamics an order for examination of two employees of plaintiff, reversed, on the law and the facts, without costs and without disbursements. Vidal and Martinez are directed to be produced for examination within 10 days of the date of entry of the order entered hereon, or at such time and place as may be agreed upon by the parties hereto. The plaintiff has produced four employees that have been examined. However, there are additional relevant issues which the defendant is entitled to pursue to obtain "full disclosure of all evidence material and necessary". (CPLR 3101, subd. [a], par. [1].) Accordingly, Vidal and Martinez are directed to be produced for examination. Concur — McGivern, J. P., Nunez, Kupferman and Murphy, JJ.; McNally, J., dissents in the following memorandum: I dissent and vote for affirmance. The extensive examination had by defendant-appellant adequately informs it as to the issues presented by the complaint and answer, including the issue of damages. The defendant-appellant poses issues as to damage not within the scope of the complaint. In the absence of an application by plaintiff for leave to amend the complaint, in my opinion, there is no basis for examination as to items of damage exceeding the amount claimed in the complaint.

■ In the Matter of JOHN M. BURNS, Respondent, v. JUDICIAL CONFERENCE OF THE STATE OF NEW YORK, Appellant.— Judgment, Supreme Court, Bronx County, entered December 1, 1970, unanimously reversed, on the law, without costs and without disbursements, the application denied, the petition dismissed and the determination of the Administrative Board of the Judicial Conference reinstated. Petitioner, a senior court officer, took a promotional examination for Court Clerk I and maintains that he is entitled to additional seniority points by virtue of his service in the District Attorney's office, New York County. Such service had been recognized for such a purpose in the Court of General Sessions at the time it was abolished and consolidated with the Supreme Court. Contending that the New York State Constitution (art. VI, § 35, subd. *l*), which is the authority for the consolidation, mandates such a result for nonjudicial personnel (see, also, Judiciary Law, § 223), he brought on this article 78 proceeding, and Special Term agreed with his position. The Judicial Conference has "broad discretionary power to fix standards governing the grading of candidates for positions in the competitive civil service". (*Matter of Sullivan* v. *Taylor*, 285 App. Div. 638, 639, affd. without opinion 309 N. Y. 927; see, also, *Matter of Fogarty* v. *Kern*, 259 App. Div. 524.) While service with the District Attorney's office may have been of value for a clerk in the Court of General Sessions, it cannot be said that the Judicial Conference has been arbitrary in not so designating it for this position. The provisions of the Constitution and the Judiciary Law do not otherwise mandate. Concur — Capozzoli, J. P., Kupferman, Murphy and Steuer, JJ.